STEPHEN HAMPE, APPELLANT, *v.* ELIZABETH FOOTE, BETTY R. BOAL AND OUR PLACE, RESPONDENTS.

No. 36555

June 4, 2002

47 P.3d 438

---

*Orin G. Grossman,* Las Vegas, for Appellant.

*Newman Morris & Dachelet, Ltd.,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal concerns the scope of the privilege afforded under NRS 463.3407 to certain communications made to the Nevada Gaming Commission or State Gaming Control Board. We conclude that the privilege applies to letters of complaint submitted to the Nevada Gaming Commission or the State Gaming Control Board, thus barring any civil action arising from such communications.

### FACTS

Appellant Stephen Hampe holds a non-restricted gaming license and owns the Lake Mead Lounge, a gaming establishment. On October 21, 1997, Hampe entered Our Place, another gaming establishment, and won a $4,000 royal flush jackpot on a video poker machine. Respondents Elizabeth Foote and Betty Boal, the owners of Our Place, submitted a letter of complaint to the Nevada Gaming Commission. This letter accused Hampe of illegally arranging for a repairman to work on the video poker machine. The letter further alleged that Hampe knew that the repairs would increase the odds of winning a jackpot, and played the machine with this knowledge. The Gaming Commission ultimately dismissed the respondents' allegations, finding no supporting evidence.

Hampe brought the action below against Foote, Boal and Our Place alleging libel, defamation, malicious prosecution,[1] and intentional infliction of emotional distress. Hampe alleged that the respondents' letter was particularly harmful as the allegations remain on his gaming license record, even though no sanctions were imposed.

---

[1] We note that Hampe's malicious prosecution claim fails as a matter of law under our recent opinion in *LaMantia v. Redisi,* which held that a malicious prosecution claim will not lie unless "the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff." 118 Nev. 27, 30, 38 P.3d 877, 879-80 (2002).

The respondents moved to dismiss Hampe's complaint pursuant to NRCP 12(b)(5), arguing that their letter to the Gaming Commission was absolutely privileged pursuant to NRS 463.3407. In opposition, Hampe argued the privilege does not apply to fraudulent and malicious communications. The district court rejected Hampe's argument and, applying NRS 463.3407, dismissed all of Hampe's claims with prejudice under NRCP 12(b)(5). Hampe appeals.

## DISCUSSION

This court rigorously reviews a district court's dismissal of an action under NRCP 12(b)(5) for failure to state a claim.[2] All factual allegations in the complaint are regarded as true, and all inferences are drawn in favor of the non-moving party.[3] A complaint should only be dismissed if it appears beyond a reasonable doubt that the plaintiff could prove no set of facts, which, if true, would entitle him to relief.[4] Dismissal is proper where the allegations are insufficient to establish the elements of a claim for relief.[5]

NRS 463.3407 provides, in part:

1. Any communication or document of an applicant or licensee, or an affiliate of either, which is made or transmitted to the board or commission or any of their agents or employees to:

. . . .

(c) Assist the board or commission in the performance of their respective duties,

is absolutely privileged and does not impose liability for defamation or constitute a ground for recovery in any civil action.

It is evident that the legislature has crafted a broad statutory privilege in this area. The privilege expressly encompasses any communication made by a licensee or applicant to assist the Gaming Control Board or Gaming Commission in the performance of their respective duties. The statute further provides that such communications cannot be a ground for liability in any civil

---

[2]*Blackjack Bonding v. Las Vegas Mun. Ct.*, 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000).

[3]*Id.* (citing *Simpson v. Mars, Inc.*, 113 Nev. 188, 190, 929 P.2d 966, 967 (1997)).

[4]*Id.*

[5]*Nevada Power Co. v. Haggerty*, 115 Nev. 353, 358, 989 P.2d 870, 873 (1999).

action. We therefore conclude that NRS 463.3407 applies to respondents' letter of complaint.[6]

An absolute privilege bars any civil litigation based on the underlying communication.[7] We have previously explained the policy behind absolute privileges: "In certain situations it is in the public interest that a person speak freely. Where this is so, the law is willing to assume the risk that from time to time the privilege will be abused."[8] An absolute privilege is an immunity, which protects against even the threat that a court or jury will inquire into a communication.[9]

Because respondents' letter was absolutely privileged, Hampe cannot prove any facts, which could entitle him to relief. Regardless of the motivation behind the respondents' letter, or any allegedly fraudulent assertions therein, the letter cannot form the basis of any civil liability. The district court correctly granted the respondents' motion to dismiss.[10]

---

[6]Under NRS 463.310, the Gaming Commission and the State Gaming Control Board have the authority to investigate and review allegations that a licensee has violated gaming regulations.

[7]*See, e.g., Read v. Baker,* 430 F. Supp. 472, 476 (D. Del. 1977); *Restatement (Second) of Torts* ch. 25, topic 2, tit. B introductory note at 243 (1977).

[8]*Lewis v. Benson,* 101 Nev. 300, 301, 701 P.2d 751, 752 (1985) (discussing absolute privilege for communications made to police internal affairs departments).

[9]*Restatement (Second) of Torts* ch. 25, topic 2, tit. B introductory note at 243 (1977).

[10]Hampe contends for the first time on appeal that the absolute privilege provided under NRS 463.3407 becomes conditional if the communication is made outside the context of a judicial or quasi-judicial proceeding. Not having raised this issue in the court below, the assignment of error on appeal is waived. *See State of Washington v. Bagley,* 114 Nev. 788, 792, 963 P.2d 498, 501 (1998) (parties cannot raise issues for the first time on appeal); *accord Laird v. State of Nev. Pub. Emp. Ret. Bd.,* 98 Nev. 42, 46, 639 P.2d 1171, 1173 (1982). We note, however, that the letter of complaint did stimulate a quasi-judicial proceeding before the Gaming Commission. Thus, absolute quasi-judicial privileges obtain, as well as the privilege set forth in NRS 463.3407. *Cf. Bank of America Nevada v. Bourdeau,* 115 Nev. 263, 266-67, 982 P.2d 474, 475-76 (1999) (privileges concerning communications by bank with FDIC bank examiners were conditional, not absolute, when made in the course of a background investigation outside the context of judicial or quasi-judicial proceedings). We also note that, in *Bourdeau,* the communications were not, as here, subject to a statutory privilege specifically applicable to the particular communication involved.

## CONCLUSION

The absolute privilege under NRS 463.3407 bars any civil cause of action grounded on communications by a holder of, or applicant for, a gaming license to the Gaming Control Board or Gaming Commission to assist the entity in its functions. We conclude that this absolute privilege applies and bars all claims, even where it is alleged that the communication was made with malice · and contains allegedly fraudulent accusations. We therefore affirm the district court's order dismissing Hampe's complaint under NRCP 12(b)(5).