TERRY L. SCHNEIDER AND JANA M. SCHNEIDER, HUSBAND AND WIFE, JOINTLY AND SEVERALLY, APPELLANTS, *v.* THE COUNTY OF ELKO, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA EX REL. ITS ELKO COUNTY RECORDER, RESPONDENT.

No. 38958

August 28, 2003                                                 75 P.3d 368

*Hansen & Hall, LLC,* and *Glade L. Hall,* Reno, for Appellants.

*Gary D. Woodbury,* District Attorney, and *Kristin A. McQueary,* Chief Deputy District Attorney, Elko County, for Respondent.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

*Per Curiam:*

Terry and Jana Schneider (the Schneiders) appeal a district court order dismissing their complaint wherein they alleged that they were entitled to damages resulting from the Elko County

Recorder's recordation of a record of survey. We conclude that the district court did not err when it determined that the county recorder properly recorded the record of survey because the survey satisfied the statutory requirements for a record of survey. Therefore, we affirm the district court's order dismissing the Schneiders' complaint for failure to state a claim.

## FACTS

In 1971, Spring Creek Association filed a subdivision map of Spring Creek Tract 102, depicting eighty lots located in Spring Creek, Elko County, Nevada. In 1976, Spring Creek Association had a record of survey prepared, which depicted Lot 80 of Tract 102 as divided into twelve separate parcels with an access road circling through the parcels. In 1983, the Elko County Recorder recorded the record of survey at Spring Creek Association's request.

In 1995, the Schneiders purchased Parcel 2 of Lot 80. In 1999, Spring Creek Association sued the Schneiders to determine whether an easement—the access road depicted in the record of survey—existed across the Schneiders' property. The district court found that the record of survey did not meet the statutory requirements for a parcel or subdivision map, as required to create an express easement. Because no other means of creating an easement were present, the district court concluded that Spring Creek Association did not have an easement across the Schneiders' property. Furthermore, the district court concluded that the lawsuit was brought in good faith and was well based in law and fact, and thus, did not award attorney fees or costs.

Thereafter, the Schneiders filed a complaint against Elko County. Although Elko County was not a party in the lawsuit between the Schneiders and Spring Creek Association, the Schneiders claimed that Elko County was liable for their attorney fees and costs associated with the lawsuit because they would not have incurred the fees and costs but for the county recorder's recordation of the record of survey. Essentially, the Schneiders argued that Elko County was liable to them for recording the record of survey because the county recorder should have known that the record of survey was intended to serve as a subdivision map, yet failed to meet the statutory requirements for such a map. The Schneiders also claimed that they were entitled to damages associated with the loss of advantageous sale of their property because they owned an illegally created parcel.

Elko County filed a motion to dismiss, arguing that the Schneiders' complaint was barred by the statute of limitations; the record of survey was properly recorded because it met the statutory requirements for a record of survey; and the record of survey did not affect the description of the Schneiders' property, so the Schneiders

did not own an illegally created parcel. The district court agreed, and thus, dismissed the Schneiders' complaint for failure to state a claim.

## DISCUSSION

The Schneiders argue that the district court erred when it granted Elko County's motion to dismiss. We rigorously review a district court's dismissal of an action under NRCP 12(b)(5) for failure to state a claim.[1] In reviewing whether dismissal was proper, we must regard all factual allegations in the complaint as true, and all inferences must be drawn in favor of the plaintiff.[2] "A complaint should only be dismissed if it appears beyond a reasonable doubt that the plaintiff could prove no set of facts, which, if true, would entitle him to relief."[3]

The district court concluded that NRS 247.110 authorized the filing of the record of survey. NRS 247.110(3) states: "A county recorder shall not refuse to record a document on the grounds that the document is not legally effective to accomplish the purposes stated therein."

The Schneiders do not specifically argue that the record of survey did not meet the statutory requirements for a record of survey. Instead, the Schneiders argue that the record of survey was intended to create a subdivision, and thus, had to meet the statutory requirements for a subdivision map. Because the record of survey failed to meet the requirements for a subdivision map, the Schneiders argue that the county recorder is liable for recording the document, pursuant to NRS 247.410. NRS 247.410(2) provides that a county recorder is liable to an aggrieved party for three times the amount of the damages that may be caused if the recorder willfully, negligently, or untruly records a document in any manner other than as directed in NRS chapter 247.

We conclude that NRS 247.410(2) is not applicable in this instance. A county recorder has no duty to determine whether a document serves its intended purpose, given that recording a document is a purely ministerial task.[4] Moreover, NRS 247.110(3) provides that a county recorder cannot refuse to record a document on the

---

[1]*Hampe v. Foote,* 118 Nev. 405, 408, 47 P.3d 438, 439 (2002).

[2]*Id.*

[3]*Id.*

[4]*See, e.g., Bionomic Church of Rhode Island v. Gerardi,* 414 A.2d 474, 476 (R.I. 1980) (observing that "a recorder of deeds is a purely ministerial officer who, when presented with a deed executed in compliance with controlling statutes, must receive and record the instrument").

grounds that it is not legally effective to accomplish its purpose. Thus, we conclude that the county recorder is not liable for recording the record of survey because it satisfied the statutory requirements for a record of survey.

## CONCLUSION

Given our conclusion that the county recorder properly recorded the record of survey, we need not address the Schneiders' remaining arguments on appeal. Accordingly, we affirm the district court's order dismissing the Schneiders' complaint for failure to state a claim.