*930
 
 OPINION
 

 By the Court, Hardesty, J.:
 

 In this proper person appeal, we consider whether Nevada courts have jurisdiction to consider complaints based on the Federal Telephone Consumer Protection Act of 1991 (TCPA),
 
 [1]
 
 which imposes penalties on persons for sending unsolicited facsimile advertisements. Because the TCPA extends jurisdiction to state courts and our Legislature has not acted to divest the district court of jurisdiction over a TCPA claim, we conclude that Nevada courts may hear complaints alleging violations of this federal act, if they comply with Nevada’s other jurisdictional rules.
 

 In this case, the district court improperly dismissed the underlying TCPA claims for monetary damages and injunctive relief.
 

 FACTS
 

 On six occasions in late 2002 and early 2003, appellant Paul D.S. Edwards received one-page unsolicited facsimiles inviting him to contact respondent Direct Access, L.L.C., about obtaining low-interest loans. In May 2003, Edwards forwarded a demand to Direct Access to pay him $3,000 for alleged violations of federal and state law.
 

 When Direct Access refused, Edwards then, in 2003, filed a complaint in the Nevada district court alleging violations of the TCPA, NRS 41.730 governing electronic mail, invasion of privacy and nuisance.
 
 [2]
 
 Under the TCPA, 47 U.S.C. § 227, penalties may be imposed for sending unsolicited facsimiles. Edwards sought damages, under subsection (b)(3) of that statute, in the amount of $500 for each of the six unsolicited facsimiles. Edwards asserted that his statutory damages thus equaled $3,000 and that those damages should be trebled under the statute to total $9,000.
 
 [3]
 

 Direct Access moved for dismissal, arguing that the district court did not have jurisdiction over Edwards’ claim for two reasons. First, it asserted that the district court did not have jurisdiction because the TCPA does not create a private right of action in Nevada state courts. Alternatively, Direct Access argued, if a violation had occurred, the district court lacked jurisdiction because the total damages were insufficient to meet the district court’s jurisdictional monetary threshold.
 

 
 *931
 
 After a hearing, the district court found that Edwards had failed to state a claim under both the federal and state statutes and that Edwards had failed to state a claim for damages in excess of the $10,000 limit for district court actions. This appeal follows.
 

 DISCUSSION
 

 When reviewing orders granting a motion to dismiss for failure to state a claim, “all factual allegations in the complaint are regarded as true, and all inferences are drawn in favor of the non-moving party.”
 
 [4]
 
 A complaint should be dismissed only if it appears beyond a reasonable doubt that even if the plaintiffs factual allegations are true, he or she would still not be entitled to relief.
 
 [5]
 

 The TCPA is a federal statute that prohibits any person from using, among other technology, a facsimile machine to send an unsolicited advertisement to another facsimile machine.
 
 [6]
 
 Section 227(b)(3) of the TCPA creates a private right of action to pursue multiple remedies.
 
 [7]
 
 First, the recipient of an unsolicited facsimile can seek an injunction to enjoin a party from sending additional unwanted facsimiles.
 
 [8]
 
 In addition, a plaintiff can seek the greater of actual monetary damages caused by TCPA violations or $500 for each violation.
 
 [9]
 
 Further, the TCPA gives the court discretion to award treble damages “[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection.”
 
 [10]
 

 Whether Nevada state courts have jurisdiction to consider TCPA claims is an issue of first impression for this court. The United States Supreme Court has unanimously held that state courts are not only empowered to hear cases based on federal law but are bound to do so under the United States Constitution and the laws passed pursuant to it.
 
 [11]
 
 Section 227(b)(3) of the TCPA provides that a person or entity may bring a state court action based on the statute “if otherwise permitted by the laws or rules of court . . . in an appropriate court of that State.” In interpreting this phrase, federal circuit courts of appeal have held that Congress conferred exclusive jurisdiction on state courts and that there is no private
 
 *932
 
 cause of action in federal courts under the TCPA.
 
 [12]
 
 In reaching this conclusion, the federal courts have noted that “state courts are courts of general jurisdiction, ‘presumed to have jurisdiction over federally created causes of action unless Congress indicates otherwise.’ ”
 
 [13]
 
 Based upon this reasoning, we conclude that, unless the laws or court rules of Nevada provide otherwise, Nevada state courts have jurisdiction over causes of action based on TCPA violations.
 

 Some states have held that the language of § 227(b)(3), providing that a party may bring a TCPA action in state courts if the state’s laws or court rules permit, automatically confers jurisdiction on state courts despite the lack of any state law that expressly permits such claims.
 
 [14]
 
 Put differently, a separate state law or rule of court conferring jurisdiction to consider TCPA claims on state courts is not necessary for the state court to have jurisdiction over the federal claim. However, states “ ‘retain the ultimate decision of whether private TCPA’” suits are actionable in their courts.
 
 [15]
 
 Thus, a state, on behalf of its courts, can refuse to accept jurisdiction over this federally created cause of action. Because the Nevada Legislature has not passed legislation expressly excluding such claims, Nevada courts retain general jurisdiction over claims alleging violations of the TCPA.
 

 Nevertheless, such claims must comply with Nevada’s jurisdictional requirements. In this case, Direct Access argued, and the district court agreed, that Edwards did not state a claim for damages beyond the requisite amount to vest jurisdiction in the district court. Article 6, Section 6 of the Nevada Constitution states that “[t]he District Courts in the several Judicial Districts of this State have original jurisdiction in ail cases excluded by law from the
 
 *933
 
 original jurisdiction of justices’ courts.” NRS 4.370 now provides that the justice courts have original jurisdiction in matters where the damages claimed do not exceed $10,000.
 
 [16]
 
 However, for cases filed prior to January 1, 2005, the district courts’ original jurisdiction included all cases involving claims for damages that exceeded $7,500.
 
 [17]
 

 We have previously recognized that “in order to dismiss a case based on lack of subject matter jurisdiction, it must appear to a legal certainty that the [damages are] worth less than the jurisdictional amount.”
 
 [18]
 
 Under the TCPA’s damages provision, Edwards can claim damages for actual monetary loss or $500 in damages for each violation, plus treble damages for willful and knowing violations.
 
 [19]
 
 Edwards did not claim any actual monetary damages as a result of Direct Access’ facsimiles; thus, a computation under the alternative method is required. Edwards claimed damages for six unauthorized facsimiles. Six TCPA violations, multiplied by $500 dollars for each violation, equals $3,000. Assuming that the district court finds that Direct Access willfully and knowingly violated the TCPA, Edwards could recover $9,000 under the treble damages provision. This amount exceeds the $7,500 jurisdictional threshold for the district courts when the complaint was filed in 2003. The district court incorrectly concluded that to a legal certainty, Edwards’ damages claims were worth less than the then applicable jurisdictional amount.
 

 In addition, Edwards also claimed that he was entitled to injunc-tive relief as a separate TCPA remedy under 47 U.S.C. § 227(b)(3). We note that his request for injunctive relief provided an independent basis for the district court’s jurisdiction as well.
 

 CONCLUSION
 

 In conclusion, we recognize that Nevada state courts have jurisdiction over TCPA claims; a separate statute or court rule authorizing such claims is not necessary to confer jurisdiction. Here, it appears to a legal certainty that Edwards’ claimed damages exceeded the district court’s jurisdictional threshold in effect at the time his complaint was filed. Further, injunctive relief provides an independent basis for jurisdiction in the district court. Accordingly, we reverse the district court’s order dismissing Edwards’ TCPA claims and remand this matter for further proceedings.
 

 Maupin and Gibbons, JJ., concur.
 

 [1]
 

 47 U.S.C. § 227(b) (2000).
 

 [2]
 

 Edwards has conceded that NRS 41.730 does not apply to facsimile transmissions, and he has abandoned his appeal of the claims for invasion of privacy and nuisance. Accordingly, we address only his TCPA claims.
 

 [3]
 

 Under 47 U.S.C. § 227(b)(3), the court has discretion to treble the damage award if the court finds that the defendant willfully or knowingly violated the subsection.
 

 [4]
 

 Hampe
 
 v.
 
 Foote,
 
 118 Nev. 405, 408, 47 P.3d 438, 439 (2002).
 

 [5]
 

 Id.
 

 [6]
 

 47 U.S.C. § 227(b)(1)(C) (2000).
 

 [7]
 

 Id.
 
 § 227(b)(3)(A)-(B). A plaintiff can choose to pursue either, or both, causes of action.
 
 Id.
 
 § 227(b)(3)(C).
 

 [8]
 

 Id.
 
 § 227(b)(3)(A).
 

 [9]
 

 Id.
 
 § 227(b)(3)(B).
 

 [10]
 

 Id.
 
 § 227(b)(3).
 

 [11]
 

 Testa
 
 v.
 
 Katt,
 
 330 U.S. 386, 391 (1947).
 

 [12]
 

 Murphey
 
 v.
 
 Lanier,
 
 204 F.3d 911, 913 (9th Cir. 2000);
 
 see also Erienet, Inc.
 
 v.
 
 Velocity Net, Inc.,
 
 156 F.3d 513, 520 (3d Cir. 1998);
 
 Foxhall Realty Law Offices v. Telecom. Prem. Serv.,
 
 156 F.3d 432, 437 (2d Cir. 1998);
 
 Nicholson v. Hooters of Augusta, Inc.,
 
 136 F.3d 1287, 1289 (11th Cir. 1998);
 
 Chair King, Inc. v. Houston Cellular Corp.,
 
 131 F.3d 507, 514 (5th Cir. 1997).
 

 [13]
 

 Murphey,
 
 204 F.3d at 913 (quoting
 
 Intern. Science & Tech. Institute v. Inacom Comm.,
 
 106 F.3d 1146, 1152 (4th Cir. 1997)).
 

 [14]
 

 See, e.g., Nicholson,
 
 136 F.3d at 1289;
 
 Kaufman v. ACS Systems, Inc.,
 
 2 Cal. Rptr. 3d 296, 306 (Ct. App. 2003);
 
 Reynolds v. Diamond Foods & Poultry, Inc.,
 
 79 S.W.3d 907, 910 (Mo. 2002);
 
 Zelma v. Market U.S.A.,
 
 778 A.2d 591, 598 (N.J. Super. Ct. App. Div. 2001).
 

 [15]
 

 Kaufman,
 
 2 Cal. Rptr. 3d at 306 (quoting
 
 Intern. Science & Tech. Institute,
 
 106 F.3d at 1158);
 
 see also Intern. Science & Tech. Institute,
 
 106 F.3d at 1150 (“[S]tates have been given, subject to their consent, exclusive subject matter jurisdiction over private actions authorized by the [TCPA].”).
 

 [16]
 

 Royal Ins.
 
 v.
 
 Eagle Valley Constr., Inc.,
 
 110 Nev. 119, 120, 867 P.2d 1146, 1147 (1994) (holding that attorney fees and costs cannot be added to a damages claim to raise the damages amount above the statutory minimum).
 

 [17]
 

 2003 Nev. Stat., ch. 160, §§ 2, 7, at 849, 853.
 

 [18]
 

 Morrison v. Beach City LLC,
 
 116 Nev. 34, 38, 991 P.2d 982, 984 (2000).
 

 [19]
 

 47 U.S.C. § 227(b)(3) (2000).