ALEXANDER SEPUT, an Individual, Appellant, *v.*
ENRIQUE LACAYO, M.D., an Individual, Respondent.

No. 44309

May 25, 2006                                           134 P.3d 733

*Law Offices of James J. Lee* and *James J. Lee* and *Patricia A. Marr*, Las Vegas, for Appellant.

*Kravitz, Schnitzer, Sloane, Johnson & Eberhardy, Chtd.*, and *Jane M. Eberhardy*, Henderson, for Respondent.

Before ROSE, C. J., GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

In this case, we decide whether a homeowner enjoys immunity, under the workers' compensation statutes, from a premises liability suit brought by an employee of a pest control contractor. The homeowner hired the pest control contractor to perform extermination services. The pest control service employee was injured when he fell through a hole in the second story floor while performing the contracted extermination services.

The district court determined that the homeowner was immune under the workers' compensation statutes and dismissed the case. We disagree. We conclude that home extermination services are included within the definition of household domestic service and are specifically excluded as statutory employees under NRS 616A.110(4). Consequently, the pest control service worker is not the homeowner's employee as defined under NRS 616A.110, and

we therefore reverse the district court's dismissal order and remand for further proceedings.

## FACTS

Dr. Enrique Lacayo, M.D., contracted with Pestaway to provide extermination services for his residence. The services consisted of "monthly spraying with chemicals for the purpose of controlling insects." On October 21, 2003, Pestaway sent one of its employees, Alexander Seput, to perform extermination services at Dr. Lacayo's home. While performing these services, Seput fell through a hole from the second floor to the first floor of Dr. Lacayo's residence and sustained serious injuries.

Seput sued Dr. Lacayo for negligent maintenance of the premises and failure to warn or maintain adequate safeguards. Dr. Lacayo moved to dismiss the lawsuit under NRCP 12(b)(5), based on immunity as a landowner under Nevada's workers' compensation laws. The district court granted Dr. Lacayo's motion. Seput now appeals.

## DISCUSSION

A motion to dismiss under NRCP 12(b)(5) is subject to a rigorous standard of review on appeal.[1] "All factual allegations in the complaint are [viewed] as true, and all inferences are drawn in favor of the non-moving party."[2] Further, "[a] complaint should only be dismissed if it appears beyond a reasonable doubt that the plaintiff could prove no set of facts, which, if true, would entitle him to relief. Dismissal is proper where the allegations are insufficient to establish the elements of a claim for relief."[3] The district court's conclusions of law are subject to our de novo review.[4]

Under Nevada's workers' compensation scheme, an employee injured on the job can claim workers' compensation from his employer, who receives immunity from any litigation regarding the injury in exchange for participating in the workers' compensation system.[5] In some cases, the employer's immunity may be extended to third parties.[6] Who is considered an employer and who receives

---

[1]*Hampe v. Foote*, 118 Nev. 405, 408, 47 P.3d 438, 439 (2002).

[2]*Id.*

[3]*Id.* (footnote omitted).

[4]*Keife v. Logan*, 119 Nev. 372, 374, 75 P.3d 357, 359 (2003).

[5]NRS 616A.020(1).

[6]*Harris v. Rio Hotel & Casino*, 117 Nev. 482, 484, 25 P.3d 206, 208 (2001).

immunity differs depending on whether a job is classified as construction or nonconstruction.[7] In a construction case, a statutory employer may include the landowner who hired a licensed general contractor, the licensed general contractor, and a subcontractor.[8] In a nonconstruction case, an employer is a statutory employer unless it contracts with an independent enterprise who is not in the same "trade, business, profession or occupation."[9] We extended an employer's immunity to landowners in construction cases in *Harris v. Rio Hotel & Casino*,[10] but we have not extended that immunity to landowners in nonconstruction cases. If a person is not immune from liability under the workers' compensation statutes, the injured worker may sue the person to recover damages.[11]

Dr. Lacayo requests that this court conclude he is immune from Seput's lawsuit. To do so, this court would need to (1) conclude that this is a construction case, (2) extend landowner immunity to nonconstruction cases, or (3) determine that Dr. Lacayo is a nonconstruction employer. We decline to address these issues. Instead, we examine NRS 616B.032(3)(a) and conclude that home pest control services fall within the definition of a domestic service, excluding Seput from the definition of an employee under NRS 616A.110(4).

When statutory language is clear and unambiguous, we do not look beyond its plain meaning, and we give effect to its apparent intent from the words used, unless that meaning was clearly not intended.[12] The meaning we give to the statute should be reasonable and should harmonize different statutory provisions where possible.[13] However, when a statute is capable of more than one meaning, it is ambiguous, the plain meaning rule is inapplicable, and the drafter's intent controls.[14] We should interpret statutes to give

---

[7]*Id.* at 491-93, 25 P.3d at 212-13.

[8]*Id.* at 493-94, 25 P.3d at 213-14; *see* NRS 616B.612; NRS 616B.642.

[9]NRS 616B.603(1); *see Harris*, 117 Nev. at 491-92, 25 P.3d at 212-13; *Meers v. Haughton Elevator*, 101 Nev. 283, 286, 701 P.2d 1006, 1007 (1985).

[10]117 Nev. at 495, 25 P.3d at 214.

[11]*Id.* at 484, 25 P.3d at 208.

[12]*State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001); *Cleghorn v. Hess*, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).

[13]*Rose v. First Federal Savings & Loan*, 105 Nev. 454, 457, 777 P.2d 1318, 1319 (1989).

[14]*Harvey v. Dist. Ct.*, 117 Nev. 754, 770, 32 P.3d 1263, 1274 (2001).

meaning to each of their parts, such that, when read in context, none of the statutory language is rendered mere surplusage.[15]

Under NRS 616A.110(4), persons providing domestic services are exempt from the definition of an employee in Nevada's workers' compensation scheme. Reasonable people may differ as to whether pest control services are included under the definition of "domestic services"; thus, the meaning of domestic services is ambiguous.[16] However, the legislative history of NRS 616A.110(4) is devoid of any indication of what the Legislature considered a domestic service to be. But, when the entire workers' compensation scheme is considered, the Legislature enacted NRS 616B.032, which provides for an industrial insurance rider on a homeowner's insurance policy for those homeowners who employ domestic workers. Because the Legislature already defined "domestic worker" in NRS 616B.032(3)(a), we harmonize that meaning with "household domestic service" in NRS 616A.110(4).

In NRS 616B.032(3)(a), the Legislature defined a " '[d]omestic worker' [as] a person who is engaged exclusively in household or domestic service performed inside or outside of a person's residence. The term includes, without limitation, a cook, housekeeper, maid, companion, babysitter, chauffeur or gardener." The inclusion in this list of chauffeur and gardener is a clear indication that the Legislature intended a broad interpretation to be given to the class of people defined as domestic workers. This broad definition includes as examples those who maintain and provide services to a private household. It seems only reasonable that the exemption of those in "domestic service" should encompass those the Legislature believes to be "domestic workers."

In the instant case, Dr. Lacayo hired Pestaway to perform monthly pest control services at his residence. Monthly pest control services, like gardening, housekeeping, or hiring a maid, is part of maintaining a home. Therefore, we conclude that a person providing monthly pest control services rightly falls within the domestic worker classification. As a person providing household domestic service to Dr. Lacayo, Seput is not considered Dr. Lacayo's employee for purposes of workers' compensation under NRS 616A.110(4). Thus, Dr. Lacayo does not fall within the scope of the workers' compensation system, and we conclude that the district court erred in dismissing this tort action. Seput has alleged facts sufficient to support a cause of action against Dr. Lacayo.

---

[15]*Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003).

[16]*State v. Kopp*, 118 Nev. 199, 202, 43 P.3d 340, 342 (2002).

## CONCLUSION

We conclude that a person providing monthly pest control services falls within the domestic worker classification of NRS 616B.032(3)(a). As a domestic worker, Seput was not Dr. Lacayo's employee under NRS 616A.110(4). Consequently, Dr. Lacayo is not immune under NRS 616B.603, and Seput has stated sufficient facts to state a cause of action against Dr. Lacayo.

Accordingly, we reverse the order of the district court and remand this matter for proceedings consistent with this opinion.