OPINION
 

 By the Court,
 

 Douglas, J.:
 

 In this appeal, we examine whether a landowner may assert a cause of action for precondemnation damages that arise when a municipality announces its intent to condemn a parcel of land and then unreasonably delays instituting an eminent domain action.
 
 [1]
 
 We conclude that a municipality’s announcement of intent to condemn a parcel of land may give rise to a cause of action by the landowner for damages based on allegations that, under the circumstances, the municipality acted improperly in making the announcement before instituting an eminent domain action. In this, we expand our ruling in
 
 State, Department of Transportation v. Barsy.
 

 [2]
 

 In addition to the precondemnation damages claim, we also consider claims of inverse condemnation, estoppel, abuse of eminent domain laws, prejudgment interest, severance damages, and attorney fees. For the reasons stated below, we reverse the district court’s order to the extent that it dismissed the landowner’s claim for precondemnation damages, and we remand this matter to the district court for further proceedings with respect to that claim. We
 
 *227
 
 nevertheless affirm the remaining portions of the district court’s order dismissing the remaining causes of action.
 

 FACTS
 

 In 2003, respondent City of North Las Vegas began searching for a suitable location to construct a flood control channel. This search led the City to a 20-acre parcel of land in North Las Vegas owned by appellant Buzz Stew, LLC. Before securing funding for the flood control project, the City made an offer to purchase one acre of Buzz Stew’s 20-acre parcel for the project. Buzz Stew declined the offer.
 

 Shortly thereafter, in June 2003, the City adopted a resolution of “need and necessity,” announcing its intent to condemn one acre of Buzz Stew’s property. Then, in July 2004, Buzz Stew sold its entire 20-acre parcel to a third party for $8,200,000.
 
 [3]
 

 After it sold the 20 acres, Buzz Stew learned that, despite the City’s resolution of “need and necessity,” the City had determined not to institute an eminent domain action against the property because the City could not secure funding for the flood control project. But the City failed to publicly withdraw or retract its resolution of “need and necessity,” including its intent to condemn the one-acre parcel.
 

 Consequently, Buzz Stew filed a complaint in the district court asserting claims for precondemnation damages, inverse condemnation, estoppel, abuse of eminent domain laws, prejudgment interest, severance damages, and attorney fees and costs. The City filed a motion to dismiss the complaint, under NRCP 12(b)(5), asserting that Buzz Stew had failed to state a claim upon which relief could be granted. The district court ultimately granted the City’s motion to dismiss, concluding that Buzz Stew had failed to state a claim against the City upon which it could grant relief. This appeal followed.
 

 DISCUSSION
 

 The City’s motion to dismiss Buzz Stew’s complaint under NRCP 12(b)(5) “is subject to a rigorous standard of review on ap
 
 *228
 
 peal.”
 
 [4]
 
 Accordingly, this court will recognize all factual allegations in Buzz Stew’s complaint as true and draw all inferences in its favor.
 
 [5]
 
 Buzz Stew’s complaint should be dismissed only if it appears beyond a doubt that it could prove no set of facts, which, if true, would entitle it to relief.
 
 [6]
 
 We review the district court’s legal conclusions de novo.
 
 [7]
 

 Precondemnation damages
 

 Buzz Stew’s cause of action for precondemnation damages alleges that a landowner is entitled to damages, independent of those resulting from a taking, when the municipality acts improperly with respect to announcing its intent to condemn the landowner’s property. We agree and conclude that a landowner may bring a cause of action for precondemnation damages based on allegations that the municipality acted improperly in announcing that it intended to condemn the landowner’s property.
 

 This court addressed a substantially similar issue in
 
 Barsy
 
 regarding “whether . . . precondemnation activities of the State entitle [a condemnee] to damages
 
 in addition
 
 to those resulting from the taking of [its] property.’ ’
 
 [8]
 
 In
 
 Barsy,
 
 we recognized that the assertion of damages
 
 in addition
 
 to those resulting from a taking requires the condemnee to “demonstrate that the condemnor acted improperly following a precondemnation announcement.”
 
 [9]
 
 In this
 
 *229
 
 opinion, we expand our conclusion in
 
 Barsy
 
 to allow a landowner to assert a cause of action for precondemnation damages, independent from those resulting from the taking of its property.
 

 To support a claim for precondemnation damages, the landowner must first “allege facts showing an official action by the [would be] condemnor amounting to an announcement of intent to condemn. ‘The pivotal issue ... is whether the public agency’s activities have gone beyond the planning stage to reach the “acquiring stage.” ”’
 
 [10]
 
 The acquiring stage occurs “when condemnation has taken place, steps have been taken to commence eminent domain proceedings, or there has been an official act or expression of intent to condemn.”
 
 [11]
 

 Here, Buzz Stew contends that the City officially expressed its intent to condemn when it adopted a resolution for the “need and necessity” of Buzz Stew’s property. We agree. The adoption of this resolution announced to the public the City’s intent to purchase the property, which moved beyond the planning stage and into the acquiring stage. Accordingly, we conclude that the record contains sufficient “facts showing an official action by the [City] amounting to an announcement of intent to condemn.”
 
 [12]
 

 Second, the landowner must show that the public agency acted improperly following the agency’s announcement of its intent to condemn certain land. For example, the landowner can show that the public agency acted improperly by unreasonably delaying an eminent domain action after announcing its intent to condemn the landowner’s property. In
 
 Barsy,
 
 we used the terms “unreasonable delay” and “extraordinary delay” interchangeably and concluded that an extraordinary delay or oppressive conduct following an announcement of intent to condemn, which results in a decrease in the market value of the property, was improper.
 
 [13]
 

 Extraordinary delay or oppressive conduct following an announcement of intent to condemn certain property conceivably reduces the market value of that property — especially when the government fails to retract its announcement to mitigate its detrimental effects. By allowing a cause of action for precondemnation damages, public agencies will be dissuaded from prematurely announcing their intent to condemn private property.
 

 
 *230
 
 Because the Nevada Legislature has not passed legislation expressly defining what qualifies as an extraordinary delay or oppressive conduct, we must reserve this question for the fact-finder.
 
 [14]
 
 While the inquiry into what qualifies as a reasonable period of time will depend upon particular circumstances, which differ from case to case, the shorter the period between announcement and initiation of the action, the greater the chance of being found reasonable.
 
 [15]
 

 Finally, to the extent that
 
 Barsy
 
 indicated that a taking must occur to recover damages related to a municipality’s announcement of intent to condemn and its improper action with respect to that announcement, that requirement has been eliminated as to precondemnation damages. Accordingly, Buzz Stew is not required to show that a taking and the damages resulting from such a taking have occurred.
 
 [16]
 

 Based on the discussion above, we conclude that Buzz Stew’s claim for precondemnation delay damages is viable. We thus reverse the district court’s order to the extent that it dismisses that claim. As Buzz Stew’s claim necessarily raises a question of fact as to whether the City acted improperly with respect to its announcement that it intended to condemn Buzz Stew’s land, we remand this matter to the district court for further proceedings regarding that issue.
 

 Remaining causes of action
 

 Buzz Stew also argues that the district court erred in dismissing its causes of action for (1) estoppel, (2) abuse of eminent domain laws, (3) prejudgment interest, (4) severance damages, and (5) attorney fees and costs. With respect to Buzz Stew’s estoppel cause of action, we have considered Buzz Stew’s arguments and conclude that the district court properly dismissed that claim because Buzz
 
 *231
 
 Stew failed to state a claim against the City upon which relief may be granted.
 
 [17]
 
 Specifically, Buzz Stew could prove no set of facts, which, if true, would entitle it to relief based on estoppel.
 

 Buzz Stew additionally contends that the City has violated eminent domain law by intending to acquire the property through a future dedication.
 
 [18]
 
 We conclude that this argument is without merit because it relates to a speculative future act by the City.
 
 [19]
 
 Accordingly, Buzz Stew cannot presently show the existence of a valid property interest as to a future taking. Thus, we further conclude that the district court properly dismissed this cause of action.
 

 Buzz Stew also argues that it is entitled to prejudgment interest and severance damages as compensation for the proceeds that should have been paid by the City at the time of the taking.
 
 [20]
 
 In light of our conclusion that the resolution for the “need and necessity” does not qualify as a taking, these issues are moot.
 

 Finally, because we are remanding the case to the district court for proceedings consistent with this opinion, we need not address the merits of Buzz Stew’s claim that it is entitled to attorney fees and costs as damages.
 

 CONCLUSION
 

 For the reasons stated above, we conclude that a landowner may assert a cause of action for precondemnation damages. Accordingly, we reverse that portion of the district court’s order dismissing Buzz Stew’s cause of action against the City for precondemnation damages, and we remand this matter to the district court for further proceedings thereon. We affirm the remaining portions of the district court’s order dismissing Buzz Stew’s causes of action against the City.
 

 Gibbons, C. J., Maupin, Hardesty, Parraguirre, Cherry and Saitta, JJ., concur.
 

 [1]
 

 We note that the appellant in this appeal no longer owns the property that is the subject of the present litigation. However, the appellant may be entitled to compensation because just compensation should be paid to the person who was the owner at the time of the taking.
 
 Argier v. Nevada Power
 
 Co., 114 Nev. 137, 139, 952 P.2d 1390, 1391 (1998) (citing 3 Julius Sackman,
 
 Nichols on Eminent Domain
 
 § 5.01[5][d] (1997)).
 

 [2]
 

 113 Nev. 712, 941 P.2d 971 (1997),
 
 overruled, on other grounds by GES, Inc.
 
 v.
 
 Corbitt,
 
 117 Nev. 265, 268 n.6, 21 P.3d 11, 13 n.6 (2001).
 

 [3]
 

 As previously noted, when Buzz Stew transferred its remaining interest in the 20-acre parcel, it did not also transfer the right to receive just compensation because “ ‘the right to receive the compensation does not run with the land, but remains a personal claim of the person who was the owner at the time of the taking, or his representatives.’ ”
 
 Argier,
 
 114 Nev. at 139, 952 P.2d at 1391 (quoting 3 Julius Sackman,
 
 Nichols on Eminent Domain
 
 § 5.01[5][d] (1997)).
 

 [4]
 

 Seput
 
 v.
 
 Lacayo,
 
 122 Nev. 499, 501, 134 P.3d 733, 734 (2006).
 

 [5]
 

 See id.
 

 [6]
 

 Blackjack Bonding v. Las Vegas Mun. Ct.,
 
 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000). Our prior cases have not been completely consistent in applying the standard of review for failure to state a claim upon which relief can be granted. The appropriate standard requires a showing beyond a doubt. To the extent that these cases required a showing of proof beyond a reasonable doubt, they are disavowed.
 
 See Schmidt
 
 v.
 
 Washoe County,
 
 123 Nev. 128, 133, 159 P.3d 1099, 1103 (2007);
 
 Rocker v. KMPG LLP,
 
 122 Nev. 1185, 1192, 148 P.3d 703, 707 (2006);
 
 Brent G. Theobald Constr.
 
 v.
 
 Richardson Constr.,
 
 122 Nev. 1163, 1166, 147 P.3d 238, 240-41 (2006);
 
 Seput,
 
 122 Nev. at 501, 134 P.3d at 734-35;
 
 Stockmeier
 
 v.
 
 State, Dep’t of Corrections,
 
 122 Nev. 385, 389, 135 P.3d 220, 223 (2006);
 
 Edwards
 
 v.
 
 Direct Access, LLC,
 
 121 Nev. 929, 931, 124 P.3d 1158, 1159 (2005);
 
 Jordan
 
 v.
 
 State, Dep’t of Motor Vehicles,
 
 121 Nev. 44, 73, 110 P.3d 30, 50 (2005);
 
 Zhang
 
 v.
 
 Dist. Ct.,
 
 120 Nev. 1037, 1040, 103 P.3d 20, 22 (2004);
 
 Kourafas v. Basic Food Flavors, Inc.,
 
 120 Nev. 195, 197, 88 P.3d 822, 823 (2004);
 
 Schneider
 
 v.
 
 County of Elko,
 
 119 Nev. 381, 383, 75 P.3d 368, 369 (2003);
 
 Hampe v. Foote,
 
 118 Nev. 405, 408, 47 P.3d 438, 439 (2002).
 

 [7]
 

 Seput,
 
 122 Nev. at 501, 134 P.3d at 735.
 

 [8]
 

 State, Dep’t of Transp.
 
 v.
 
 Barsy,
 
 113 Nev. 712, 719, 941 P.2d 971, 976 (1997) (emphasis added).
 

 [9]
 

 Id.
 
 at 720, 941 P.2d at 976;
 
 see also Klopping v. City of Whittier,
 
 500 P.2d 1345, 1355 (Cal. 1972) (concluding that a property owner is entitled to compensation for damages occasioned by precondemnation announcements when the condemnor acts unreasonably in issuing precondemnation statements).
 

 [10]
 

 Barsy,
 
 at 720, 941 P.2d at 977 (quoting
 
 Terminals Equipment Co. v. San Francisco,
 
 270 Cal. Rptr. 329, 336 (Ct. App. 1990)).
 

 [11]
 

 Id.
 

 [12]
 

 Id.
 

 [13]
 

 Id.
 
 at 721, 941 P.2d at 977.
 

 [14]
 

 We note that the legislature in our sister state of California has adopted a statute, which states that six months is an unreasonable delay.
 
 See
 
 Cal. Civ. Proc. Code § 1245.260(a).
 

 [15]
 

 71 Am. Jur.
 
 Proof of Facts
 
 3d 136-39 (2007).
 

 [16]
 

 Buzz Stew also argues that the City’s adoption of a resolution for the “need and necessity” of its property qualifies as a taking. We conclude that Buzz Stew has standing to seek just compensation because, when it sold what remained of its property, it did not also sell the right to compensation.
 
 Argier v. Nevada Power Co.,
 
 114 Nev. 137, 139, 952 P.2d 1390, 1391 (1998) (concluding that just compensation should be paid to the person who was the owner at the time of the taking). However, we also conclude that a taking has not occurred under these facts because Buzz Stew has failed to show “the invasion of a property right which directly and specially affects him to his injury.”
 
 Jones
 
 v.
 
 People ex rel. Dept. of Transp.,
 
 583 P.2d 165, 169-70 (Cal. 1978);
 
 see DUWA, Inc. v. City of Tempe,
 
 52 P.3d 213, 216 (Ariz. Ct. App. 2002) (citing
 
 City of Buffalo v. J.W. Clement Company,
 
 269 N.E.2d 895, 902-03
 
 *231
 
 (N.Y. 1971)). The record indicates that Buzz Stew was able to sell the entire 20-acre parcel, including the one acre referenced in the City’s resolution. Thus, we cannot conclude that the City’s resolution for the “need and necessity” created a direct and special interference with respect to the parcel.
 
 Jones,
 
 583 P.2d at 170.
 

 [17]
 

 See Sproul Homes v. State ex rel. Dep’t Hwys., 96
 
 Nev. 441, 445, 611 P.2d 620, 622 (1980).
 

 [18]
 

 Buzz Stew alleges that it is the City’s intent to acquire the property by imposing a future dedication requirement as a condition of development for any future development project.
 

 [19]
 

 Doe
 
 v.
 
 Bryan,
 
 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (concluding that an alleged harm that is speculative is insufficient — an existing controversy must be present).
 

 [20]
 

 See County of Clark v. Alper,
 
 100 Nev. 382, 392-93, 685 P.2d 943, 949-50 (1984).