An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC T. DOUGLAS,
Appellant,
vs.
SUSAN FILON, LAW CLERK,
Respondent.

No. 63153

**FILED**

JUN 0 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order granting a motion to dismiss in a civil rights action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Having considered appellant's proper person appeal statement and the record on appeal, we conclude that the district court was within its discretion to rule on respondent's NRCP 12(b)(5) motion to dismiss without granting appellant an extension of time in which to oppose the motion. *See* NRCP 6(b) (permitting but not requiring the district court to grant a motion for an enlargement of time).[1]

Moreover, and although appellant does not raise the argument on appeal, we note that the district court properly granted respondent's motion, as the factual allegations in appellant's complaint, even if

---

[1]To the extent that appellant contends that he was deprived of a right to attend the November 7, 2012, hearing on the motion, appellant had notice of the hearing and made no arrangements to attend it. In any event, the district court was not required to hold a hearing, *see* EDCR 2.23(c), and nothing in the record suggests that the district court factored appellant's nonattendance into its decision. Likewise, nothing in the record suggests that the district court granted respondent's motion to dismiss based on appellant's failure to timely oppose the motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17693

recognized as true, *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008), do not establish a violation of a constitutional right.[2] *See Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002) (explaining generally what must be alleged to sustain a viable access-to-the-courts claim); *Snyder v. Nolen*, 380 F.3d 279, 292-93 (7th Cir. 2004) (Easterbrook, J., concurring) (recognizing that, in the context of an access-to-the-courts claim, "opportunities to correct mistakes before a suit reaches its conclusion means that there is no constitutional problem in the first place"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Valerie Adair, District Judge
        Eric T. Douglas
        Jillian Prieto
        Eighth District Court Clerk

---

[2]In reaching this conclusion, we have given due consideration to appellant's November 20, 2012, "Response to Defendant's Motion to Dismiss" and the authorities cited therein.