An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RUSSELL,
Appellant,
vs.
CHRISTINE PAPPAS,
Respondent.

No. 62677

**FILED**

JUN 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR REHEARING, VACATING PRIOR ORDER, AND REVERSING AND REMANDING*

This is a proper person petition for rehearing of this court's April 11, 2014, order that affirmed the dismissal of a tort action.

Rehearing is appropriate when this court has failed to consider a statute that is directly controlling of a dispositive issue in the case. NRAP 40(c)(2)(B). Here, the district court dismissed appellant's complaint due to his failure to timely oppose respondent's motion for a more definite statement. This was improper, as a failure to timely oppose a motion is, at most, "an admission that the motion is meritorious and a consent to granting the motion." *King v. Cartlidge*, 121 Nev. 926, 927, 124 P.3d 1161, 1162 (2005) (citing DCR 13(3)). Nonetheless, this court's April 11 order indicated that dismissal of appellant's complaint was still proper, as appellant solely alleged that respondent had violated various criminal statutes, which, this court concluded, were not proper claims for a civil complaint.

In his rehearing petition, appellant pointed out that NRS 205.511 provides a private right of action for alleged violations of the criminal statutes cited in the body of his complaint, and he indicated that the title of his complaint referenced NRS 205.511. As directed, respondent filed an answer to appellant's rehearing petition. Respondent's answer,

14-20732

however, failed to address appellant's argument on rehearing that NRS 205.511 provides a private cause of action for the statutory violations alleged in appellant's complaint.

Having considered the rehearing petition and answer thereto, we grant the petition, as the April 11 order of affirmance overlooked a controlling statute. NRAP 40(c)(2)(B). Accordingly, we hereby vacate our April 11, 2014, order of affirmance and reverse the district court's dismissal order and remand this matter to the district court.[1] In so doing, we note that because this matter was dismissed at the pleading stage, in reviewing the dismissal, we are required to recognize the allegations in appellant's complaint as true. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Accordingly, this order should not be construed as precluding the parties from presenting evidence that either establishes or negates the merits of the underlying claims and seeking appropriate relief in the district court.

It is so ORDERED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]We note, however, that we properly concluded that appellant was not entitled to a default judgment against respondent, and that these issues should not be reconsidered on remand.

[2]Appellant's June 4, 2014, motion to file a reply to respondent's answer is denied.

cc: Hon. Jerome Polaha, District Judge
Russell
Demetras & O'Neill
Washoe District Court Clerk

Supreme Court
of
Nevada

(O) 1947A