An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PERCY LAVAE BACON,
Appellant,
vs.
THE STATE OF NEVADA; ROMEO
ARANAS; ROBERT B. BANNISTER;
CHERYL BURSON; TIMOTHY FILSON;
TONYA HILL; JOHN DOE JENSON;
JOHN DOE DIETARY COOK; JOHN
DOE INMATE COOK; JOHN DOE OR
JANE DOE FOOD MANAGERS;
CLARENCE KING; JOHN DOE
LARSON; DAVID MUMFORD; DWIGHT
NEVEN; RONALD OLIVER; OSWALD
REYES; FRANCISCO SANCHEZ;
BRIAN WILLIAMS; AND BRYAN
WILSON,
Respondents.

No. 60511

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is a proper person appeal from a district court order dismissing a civil rights and tort action. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed a complaint in the district court asserting that he had been put on a medically restricted diet as the sole treatment for a kidney condition. Among other things, appellant alleged that he should have been prescribed medicine for his condition and that inmates, who were not medical professionals and were not trained in what types of foods were appropriate for his medically restricted diet, were allowed to prepare his meals without any oversight as to whether he was receiving adequate amounts of the proper types of food. Respondents subsequently moved to dismiss the complaint, arguing that appellant had failed to exhaust his

administrative remedies. In particular, respondents asserted that appellant had filed a number of grievances, with regard to this and other issues, but had never filed an administrative claim form, as required by NRS 209.243(1) (providing that a claim form must be filed within six months of the alleged loss or injury). Alternatively, respondents argued that appellant's complaint should be dismissed under NRCP 8(a), for failure to contain a short, plain statement of entitlement to relief, or under NRCP 4(i), for failure to timely serve process.

Appellant opposed the motion, arguing that he had filed an administrative claim form and that the applicable administrative grievance procedures were not available to him because he had been threatened with retaliation if he filed further grievances. Appellant also filed an amended complaint following the motion to dismiss, which, although still somewhat lengthy and repetitive, contained a more limited statement of appellant's claims than his previous complaint. Moreover, appellant argued that he had properly served process. The district court ultimately granted respondents' motion and dismissed the case on the ground that appellant had not filed a timely administrative claim form. This appeal followed. As directed, respondents have filed a response.

In the present matter, the district court's order dismissing appellant's complaint contains no findings regarding the alleged threats of retaliation that appellant argues rendered the grievance process unavailable to him, and thus, does not address the impact of these alleged threats on his failure to exhaust his administrative remedies. In addition, the district court did not address respondents' alternative arguments that the complaint should be dismissed under NRCP 8(a) or NRCP 4(i). Thus, having reviewed the documents before us, we conclude that the district

court's failure to make adequate findings and otherwise fully address these points in its dismissal order has left us unable to determine whether, under the circumstances presented here, dismissal of the underlying complaint was warranted. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (concluding that a "complaint should be dismissed only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [him or her] to relief"). Accordingly, we reverse the district court's dismissal of the underlying action and remand this matter for further proceedings.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Abbi Silver, District Judge
Percy Lavae Bacon
Attorney General/Carson City
Eighth District Court Clerk

---

[1]With regard to appellant's September 20, 2012, motion for a protective order, we deny the motion because such relief should be sought in the district court in the first instance. In light of the resolution in this order, we conclude that no further action is necessary with regard to appellant's September 3, 2014, filing regarding judicial notice.