# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAWRENCE ALLEN; GOLDEN CHAIN, INC.; AND WARD ENTERPRISES, INC.,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE PATRICK FLANAGAN, DISTRICT JUDGE,
Respondents,
    and
MITCHELL W. FANNING; LAKE MOUNTAIN MINING, LLC; JEREMY JONES; JEFFREY JONES; DANNELL FANNING; MINERAL EXPLORATION SERVICE, LTD.; ALAN DAY; TARGET MINERAL, INC.; DENNIS SMITH; TED SMITH; DENNIS SMITH AND TED SMITH D/B/A OLINGHOUSE DEVELOPMENT COMPANY; ALTA GOLD MINING CO.; WRIGHT PARKS; PARABORA, LLC; AND TERRA GRANDE, LLC,
Real Parties in Interest.

No. 66022

FILED

DEC 22 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
    DEPUTY CLERK

## ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART

This is an original petition for a writ of mandamus or prohibition challenging a district court order holding petitioners as vexatious litigants.

16-39899

After considering the petition, briefs, and parties' oral arguments, we conclude that this court's extraordinary relief is not warranted at this time except to limit the scope of the district court's order holding petitioners as vexatious litigants.[1]

The district court may permanently restrict petitioners' right to access the court, but such restriction "must be narrowly tailored." *Jordan v. State ex rel. Dept. of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 60, 110 P.3d 30, 42 (2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). While the current order spans the entire state of Nevada, the real parties in interest conceded at oral argument before this court that the scope of the vexatious-litigant order could be limited to Washoe County. Such overbroad state-wide prohibitions in vexatious-litigation orders go beyond the district court's jurisdiction. *See id.* at 66, 110 P.3d at 46. If petitioners' opponents wish to have them declared vexatious litigants in other jurisdictions, they must initiate the proper proceedings in the applicable courts. Accordingly, we

---

[1]We acknowledge that related appeals involving petitioners and real parties in interest are pending before this court. We conclude, however, that the cumulative effect of prior proceedings, regardless of the outcome of the pending appeals, supports the vexatious-litigant determination by the district court. As such, our resolution of this writ petition does not impact the merits of those appeals.

ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to issue a new order with a scope limited to only the Second Judicial District Court, Washoe County.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Patrick Flanagan, District Judge
Marquis Aurbach Coffing
Holland & Hart LLP/Reno
Woodburn & Wedge
Molof & Vohl
Kolesar & Leatham, Chtd.
Washoe District Court Clerk