# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN DOLORFINO,
Appellant,
vs.
UNIVERSITY MEDICAL CENTER OF
SOUTHERN NEVADA; AND ROBERT
HARPER ODELL, JR.,
Respondents.

No. 72443

FILED

OCT 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order dismissing a medical malpractice suit. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Senior Judge. A panel of this court originally issued an opinion resolving this matter. *Dolorfino v. Univ. Med. Ctr. of S. Nev.*, 134 Nev., Adv. Op. 79, 427 P.3d 1039 (2018). On May 10, 2019, we granted respondent Robert Harper Odell, Jr.'s petition for en banc reconsideration of that decision. Having reconsidered the matter, we vacate the panel's October 4, 2018, opinion and issue this order in its place. NRAP 40A(f).

The district court dismissed appellant Susan Dolorfino's complaint for lacking a supporting medical expert affidavit pursuant to NRS 41A.071. Because Dolorfino alleged an injury that did not occur within the scope of treatment, we agree that NRS 41A.100(1)(d) did not excuse the NRS 41A.071 affidavit requirement for Dolorfino's medical malpractice claim. But because Dolorfino's remaining claims may have alleged injuries caused by ordinary negligence rather than medical malpractice, the district court erred in dismissing her remaining claims without considering each individually. Accordingly, we affirm in part, reverse in part, and remand.

19-43430

Dolorfino sustained a tooth injury during an emergency hysterectomy performed at respondent University Medical Center (UMC). Respondent Robert Harper Odell, Jr., an anesthesiologist, performed an endotracheal intubation on Dolorfino. That procedure involves passing a plastic tube through the patient's mouth and trachea to maintain an open airway while the patient is under general anesthesia. Dolorfino signed a consent form acknowledging the risk of injury to her teeth from this procedure. Dolorfino alleged that Odell injured her when he dropped a medical instrument onto Dolorfino's tooth during a power outage.

Dolorfino argues that her claim for medical malpractice alleged an injury that fell within the scope of NRS 41A.100(1)(d), thus excusing the NRS 41A.071 medical expert affidavit requirement. We rigorously review NRCP 12(b)(5) dismissals on appeal, presuming all factual allegations in the complaint as true and drawing all inferences in the complainant's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). NRS 41A.071 requires medical malpractice actions to be dismissed if filed without a supporting affidavit from a medical expert. However, NRS 41A.071's affidavit requirement does not apply to res ipsa claims pursuant to NRS 41A.100(1). *Szydel v. Markman*, 121 Nev. 453, 459, 117 P.3d 200, 204 (2005). NRS 41A.100(1)(d) exempts from the affidavit requirement claims alleging an injury "suffered during the course of treatment to a part of the body not directly involved in the treatment or proximate thereto." Dolorfino's res ipsa claim alleged that Odell dropped a medical instrument on her tooth in an act unrelated to the endotracheal intubation that Odell performed. Dolorfino thus alleged an injury that was not suffered during the course of treatment, yet affected a part of the body directly involved in Odell's procedure. NRS 41A.100(1)(d) therefore does

not apply to this claim, and the district court properly dismissed Dolorfino's medical malpractice claim brought under NRS 41A.100, listed as Dolorfino's Fourth Cause of Action in her complaint. We affirm the district court's order insofar as it dismissed this medical malpractice claim.

Dolorfino also argues that the district court erred in dismissing her remaining claims against UMC and Odell on the basis that the medical malpractice claim was deficient. The district court concluded that the deficiency in Dolorfino's medical malpractice claim rendered her entire complaint void ab initio and dismissed the complaint in its entirety. This was error. While medical malpractice claims filed without an expert affidavit that are not exempted by NRS 41A.100(1) are void, the claims "must be severed and dismissed, while allowing the claims for ordinary negligence to proceed." *Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 643, 403 P.3d 1280, 1285 (2017). The district court must closely examine the substantial essence of each of Dolorfino's remaining claims against UMC and Odell to determine whether the claim alleges medical malpractice—where the jury requires a medical expert's guidance on the professional standard of care—or ordinary negligence—where the jurors can evaluate the claim based on their common knowledge and experience. *Id.* at 642-43, 403 P.3d at 1284-85. Because the district court did not do this, the district court's order is reversed as to Dolorfino's remaining claims. Therefore, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:   Chief Judge, The Eighth Judicial District Court
      Hon. Joseph T. Bonaventure, Senior Judge
      M. Nelson Segel, Settlement Judge
      Terry Law Group, PC
      Pitegoff Law Office
      John H. Cotton & Associates, Ltd.
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A