An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHELLE LEMASTERS, AN INDIVIDUAL,
Appellant,
vs.
UNIVERSITY MEDICAL CENTER; DESERT RADIOLOGISTS; AND LISA WONG, M.D.,
Respondents.

No. 65557

FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a medical malpractice action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

In June 2013, appellant brought an action for negligence and medical malpractice relating to respondent Dr. Lisa Wong's failure to identify a tumor in appellant's 2007 CT scan. The district court dismissed the action under NRCP 12(b)(5) because it was barred by the statute of limitations. The court concluded that the action was barred by NRS 41A.097(2), which provides that "an action for injury or death against a provider of health care may not be commenced more than 3 years after the date of injury." The court determined that as set forth in the complaint, appellant had symptoms of her injury more than three years before she filed the action. This appeal followed.

In appellant's underlying complaint she alleged that after the 2007 CT scan, she "continued to experience facial numbness and further suffered from a disfigurement of the eye, facial palsy, as well as sinus pressure, and was seen by other physicians in an attempt to determine the cause of her condition." She does not, nor does anything in the record on appeal, indicate when she experienced these symptoms or sought treatment from other physicians. Accordingly, we cannot determine when

15-38718

appellant's injury appreciably manifested after the 2007 CT scan. *See Libby v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 39, 325 P.3d 1276, 1280 (2014) (explaining that NRS 41A.097(2)'s three-year statute of limitations period "begins to run once there is an appreciable manifestation of the plaintiffs injury"). Because it is possible that appellant's injury did not appreciably manifest until June 2010 and because we must draw all inferences in appellant's favor, we conclude that appellant's complaint should not have been dismissed under NRCP 12(b)(5). *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that this court conducts a de novo review of an NRCP 12(b)(5) dismissal order and presumes that all facts in the complaint are true and draws all inferences in favor of the complaint). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]Because we reverse on these grounds, we need not address appellant's additional arguments. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues, even constitutional issues, if they are unnecessary to resolve the case at hand).

cc: Hon. Michael Villani, District Judge
William C. Turner, Settlement Judge
Maddox, Isaacson & Cisneros, LLP
Maddox, Segerblom & Canepa, LLP
Hutchison & Steffen, LLC
Parker, Nelson & Associates
Eighth District Court Clerk