An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMADEO J. SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA IN
RELATION TO NEVADA
DEPARTMENT OF CORRECTIONS;
WARDEN RENEE BAKER,
INDIVIDUALLY AND OFFICIALLY;
PROPERTY SERGEANT APRIL
WITTER, INDIVIDUALLY AND
OFFICIALLY; AND OFFICER DANIEL
BROWN, INDIVIDUALLY AND
OFFICIALLY,
Respondents.

No. 64208

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing a civil rights and wrongful death action. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant contends that, in dismissing his complaint, the district court considered his wrongful death claim but did not consider his 42 U.S.C. § 1983 claims.[1] To the contrary, the district court's dismissal order explains that appellant also asserted civil rights violations based on allegedly improperly lost or destroyed paperwork and compact discs, and

---

[1] To the extent that he raises the argument on appeal, we conclude that the district court properly dismissed appellant's wrongful death claim, as appellant was not authorized to institute a wrongful death action relating to the death of his godfather. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. ___, ___, 321 P.3d 912, 914-15 (2014) (explaining that the Legislature has authorized only the heirs of a decedent and the personal representative of a decedent to bring a wrongful death action).

14-24029

that "[t]he facts as stated simply do not state a civil rights claim for relief." We have reviewed appellant's complaint and his reply to the district court's order directing him to submit points and authorities demonstrating a factual and legal basis for his claims for relief. Having done so, we agree with the district court that, based on the facts alleged, appellant failed to adequately articulate any recognizable causes of action under the constitutional amendments cited. *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 57-58, 110 P.3d 30, 41 (2005) (recognizing that a district court may dismiss a complaint after the plaintiff has had an opportunity and failed to cure perceived defects in the complaint), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008); *Buzz Stew*, 124 Nev. at 227-28, 181 P.3d at 672 (2008) (recognizing that dismissal of a complaint is proper when the complaint's factual allegations, even when recognized as true, do not satisfy the elements of the causes of action being asserted). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

 

cc: Hon. Steve L. Dobrescu, District Judge
Amadeo J. Sanchez
Attorney General/Carson City
White Pine County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A