An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TAWANNA K. CRABB,
Appellant,
vs.
GREENSPUN MEDIA GROUP, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; LAS VEGAS SUN, INC., A
NEVADA CORPORATION; DANA
GENTRY, AN INDIVIDUAL; AND JON
RALSTON, AN INDIVIDUAL,
Respondents.

No. 64086

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

### *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is a proper person appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant filed a complaint in district court asserting claims for defamation, negligence, false light, slander per se, and negligent infliction of emotional distress, alleging that respondents aired a television segment that included false information about appellant. Respondents filed a motion to dismiss, arguing that appellant failed to allege a claim for defamation and that all other claims failed as a result. The district court granted the motion, finding that the statements appellant alleged were defamatory were not defamatory as a matter of law because the statements focused on actors other than appellant. This appeal followed.

This court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the

14-30667

complaint as true and drawing all inferences in the plaintiff's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008).

Having reviewed appellant's proper person appeal statement, respondents' responses, and the record on appeal, we conclude that the district court erred, in part, by dismissing appellant's false light, negligence, and negligent infliction of emotional distress claims. Although the district court properly dismissed appellant's defamation and slander per se claims, *see Pope v. Motel 6*, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005), the district court erred by concluding that appellant's false light and emotional distress claims relied upon appellant's defamation claim, and thus, also failed as a matter of law. This court has previously discussed that "[t]here are cases indicating that the false light invasion of privacy may be committed even when the publication is not defamatory." *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 622 n.4, 895 P.2d 1269, 1273 n.4 (1995); *see Machleder v. Diaz*, 801 F.2d 46, 55 (2d Cir. 1986) ("[W]hile a false light claim may be defamatory, it need not be."). "The false light privacy action differs from a defamation action in that the injury in privacy actions is mental distress from having been exposed to public view, while the injury in defamation actions is damage to reputation." *Rinsley v. Brandt*, 700 F.2d 1304, 1307 (10th Cir. 1983). The district court also erred in dismissing appellant's negligence claim on the basis that it was derivative of the unsupported defamation claim. We therefore reverse the district court's order dismissing appellant's false light, emotional distress, and negligence claims and remand this matter to the district court for

proceedings consistent with this order.  We affirm, however, the portion of the district court's order dismissing appellant's defamation and slander per se claims.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. David B. Barker, District Judge
      Tawanna K. Crabb
      Campbell & Williams
      Durham Jones & Pinegar
      Eighth District Court Clerk