# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES J. SLEZAK; NATHAN EVERSON; AND TOUSON SARYON; Appellants, vs. TIMOTHY S. CORY, Respondent. | No. 65428 |

FILED

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

### *BACKGROUND*

This case arose from a proceeding wherein the district court appointed respondent Timothy Cory as receiver of defendants Global Edge Trading, LLC (GET) and The Private FX Trade Club, LLC (PTC). The order appointing Cory as receiver required Cory to immediately take control of all rights, interests, assets, and financial accounts of GET and PTC. Nonetheless, Cory decided not to be named on the accounts until GET was up and running.

After Cory was appointed as receiver, the managing member of GET, Francis Conlin, secured hundreds of thousands in loans from appellants James Slezak, Nathan Everson, and Touson Saryon for the purpose of operating GET. After Conlin signed for the loans, appellants wired the funds to GET's Bank of America account, one of the accounts Cory was ordered to oversee.

16-23557

Appellants later discovered that Conlin spent over $2 million of GET funds at casinos and strip clubs, including their investments. Bank statements showed that Conlin made numerous, large cash withdrawals from various casino ATMs.

Consequently, appellants filed a complaint against Cory alleging: 1) breach of fiduciary duty, 2) negligence, 3) interference with contractual relations, and 4) civil conspiracy. The gravamen of the complaint was that Cory failed to properly monitor the bank accounts, thereby breaching his receivership duties. Cory filed a NRCP 12(b)(5) motion to dismiss, which the district court converted to a NRCP 56 motion for summary judgment and granted, explaining that pursuant to *Anes v. Crown P'ship, Inc.*, 113 Nev. 195, 932 P.2d 1067 (1997), Cory was immune from suit.

## *DISCUSSION*

An order granting summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment should be rendered when the pleadings and other evidence on file demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Appellants argue that Cory was not entitled to immunity because he failed to take control of the Global Edge assets and bank accounts as ordered by the court. Cory contends that he is absolutely immune from suit as a receiver of the court pursuant to *Anes*.

Under *Anes*, "[a] receiver appointed by the court acts as an officer of the court." 113 Nev. at 201, 932 P.2d at 1071. "A receiver who faithfully and carefully carries out the orders of the appointing judge shares the judge's judicial immunity." *Id.* (internal quotations omitted). However, "a receiver may be personally liable if he or she acts outside the

authority granted by the court." *Id.* at 202, 932 P.2d at 1071. For instance, in *Anes*, we determined that a factual question as to whether a receiver exceeded his authority precluded summary judgment. *Id.* But *Anes* does not cover the broader breadth of immunity that we extend generally to professionals acting as an arm of the court in judicial proceedings.

In *Duff v. Lewis,* this court applied absolute immunity to a court-appointed psychologist accused of negligence in making a child custody recommendation amidst allegations of child abuse. 114 Nev. 564, 571, 958 P.2d 82, 87 (1998). Similarly, in *Foster v. Washoe County,* this court granted absolute immunity to court-appointed special advocates sued for negligent investigation of child abuse. 114 Nev. 936, 943-44, 964 P.2d 788, 793 (1998). Most recently, in *Harrison v. Roitman*, we upheld a district court's ruling granting absolute immunity to a party-retained psychiatrist, who was accused of medical malpractice for submitting a report to the court during divorce proceedings diagnosing the wife with a personality disorder without ever meeting her. 131 Nev., Adv. Op. 92, 362 P.3d 1138, 1144 (2015). To reach our conclusion, we recognized the long history of precedent in state and federal courts extending absolute immunity to judicial participants who act as an arm of the court. *Id.* at 1140.

Cory was a judicial participant appointed by the court and accused of neglecting his responsibilities as a receiver. Cory was not, however, accused of acting outside his authority.[1] As such, he is entitled

---

[1]We reject appellants' argument that by not acting at all, Cory somehow acted outside of his authority.

to the same absolute immunity extended to the judicial participants in *Duff*, *Foster*, and *Harrison*. Thus, no genuine issue of material fact remains.[2]

We ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[2]Appellants also argue that the district court erred by failing to provide notice that the motion to dismiss would be treated as a motion for summary judgment. We conclude that even if the district court had not converted Cory's NRCP 12(b)(5) motion to dismiss into a NRCP 56 motion for summary judgment, dismissal would have been appropriate pursuant to NRCP 12(b)(5) because Cory is entitled to absolute immunity as a matter of law. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (noting that a complaint should be dismissed if a plaintiff can prove "no set of facts, which, if true, would entitle it to relief"). Thus, despite the district court's error, it reached the correct result, and we affirm. *See* NRCP 61 (providing that no error in any ruling or omission is grounds for disturbing a judgment if a party's substantial rights are not affected).

cc: Hon. Susan Johnson, Judge
Paul H. Schofield, Settlement Judge
Mirch Law Firm LLP
Premier Legal Group
Eighth District Court Clerk

