# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FQ MEN'S CLUB, INC., A NEVADA CORPORATION,<br>Appellant,<br>vs. ·<br>CITY OF RENO, A MUNICIPAL CORPORATION OF THE STATE OF NEVADA,<br>Respondent. | No. 70949 |

**FILED**

JUN 1 4 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order dismissing an action seeking relocation expenses arising from a prior condemnation proceeding. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Having considered the parties' arguments and the record, we conclude that reversal is warranted for the same reasons put forth in this court's previous disposition involving the same parties. *See FQ Men's Club, Inc. v. City of Reno*, Docket Nos. 63742 & 64176 (March 12, 2015, Order of Reversal and Remand (Docket No. 63742) and Dismissing Appeal (Docket No. 64176)). In that disposition, this court concluded that "the formal letter issued by respondent on [August 31, 2007] did not constitute respondent's final determination regarding French Quarter, Inc.'s request for reimbursement *because French Quarter appealed that determination on September 11, 2007, and because respondent never resolved that appeal.*" (Emphasis added). In reaching that conclusion, this court explicitly determined that French Quarter's September 11, 2007, letter constituted a valid administrative appeal and did not leave open the possibility that the letter might have been ineffective to achieve that

17-19734

purpose.[1] The district court in the underlying action was therefore barred by the law-of-the-case doctrine from considering whether the letter might have been ineffective to constitute an appeal.[2] *See Recontrust Co., N.A. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014) (observing that the law-of-the-case doctrine prohibits "re-open[ing]" questions that have previously been decided "explicitly or by necessary implication"); *see also U.S. v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (reviewing de novo applicability of the law-of-the-case doctrine).

Thus, as matters currently stand between the parties, appellant has a pending administrative appeal regarding its relocation claim that respondent has not resolved. Because that claim has not been resolved, it necessarily cannot be time-barred by NRS 11.190(3)(a) or any other applicable limitations period.[3] The district court therefore erred in dismissing appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing an NRCP

---

[1]Had respondent argued otherwise in the previous appeal, this court might have reached a different conclusion. Respondent, however, cannot make those arguments now in an attempt to read ambiguity into our previous conclusion.

[2]Respondent contends that the law-of-the-case doctrine cannot apply because the underlying case is technically a different case than the one that led to this court's previous disposition. Respondent has provided no authority to support such a technical application of the doctrine, and because the underlying case stems directly from respondent's refusal to consider appellant's administrative appeal, we conclude that the doctrine is applicable.

[3]We disagree with respondent's argument that NRS 11.190(3)(a) was triggered 30 days after receipt of the administrative appeal request or at some point thereafter simply by virtue of the fact that respondent never resolved the appeal.

12(b)(5) dismissal de novo). Nothing in this disposition or this court's previous disposition should be construed as an opinion on the merits of appellant's relocation claim. In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Cherry

_____, J.
Hardesty

_____, J.
Parraguirre

cc:   Hon. Barry Breslow, District Judge
      Molof & Vohl
      Reno City Attorney
      Washoe District Court Clerk

---

[4]Because the district court did not consider respondent's argument regarding claim preclusion, we decline to do so in the first instance. Similarly, in light of the apparent confusion surrounding the substantive nature of the "claims" in appellant's complaint, we decline to consider in the first instance what the appropriate course of action on remand should be.