# IN THE SUPREME COURT OF THE STATE OF NEVADA

FQ MEN'S CLUB, INC., A NEVADA CORPORATION,
Appellant,
vs.
CITY OF RENO, A MUNICIPAL CORPORATION OF THE STATE OF NEVADA,
Respondent.

No. 75132

FILED

MAY 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in an action seeking relocation expenses based on a prior condemnation proceeding. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Men's Club, Monkey Bars, and French Quarter are all wholly owned by nonparty Cleve Canepa. Canepa is also the sole officer of Monkey Bars and French Quarter, and serves as nearly every officer of Men's Club. Monkey Bars and French Quarter jointly conducted an adult entertainment club on a property leased from Union Pacific Railroad. In the early 2000s, the City of Reno instituted a condemnation action on that land. As part of the condemnation proceedings, the City, Monkey Bars, French Quarter, and Canepa entered into a settlement agreement, whereby the City agreed to pay the entities $650,000 to relocate the business. The agreement further provided that the entities could seek additional relocation expenses if more than $650,000 was spent.

Two years later, Canepa sent the City a letter claiming he incurred roughly $3 million in additional relocation expenses for the French

Quarter/Monkey Bars' business. The City denied Canepa's claim, and Canepa, in a letter, disputed the denial and asked the City to consider his letter a request for an appeal. The City did not respond to Canepa's letter. Canepa and Monkey Bars commenced an action in district court seeking the same $3 million in additional relocation expenses (hereinafter referred to as "the Monkey Bars action"). The district court dismissed that action as time-barred. Canepa and Monkey Bars initially appealed the dismissal order, but ultimately stipulated to dismiss the appeal, with prejudice, for reasons unclear.

Thereafter, Men's Club purchased French Quarter's relocation reimbursement claim against the City from French Quarter's bankruptcy estate and Men's Club filed its own action seeking the same relocation expenses. The City filed a motion to dismiss, arguing that the claims were barred by the statute of limitations and claim preclusion based on the Monkey Bars action. The district court dismissed the case based on the statute of limitations and did not address claim preclusion. Men's Club appealed, and this court reversed, finding that the action was not time-barred. *FQ Men's Club, Inc. v. City of Reno*, Docket No. 70949 (Order of Reversal and Remand, June 14, 2017).

On remand, the district court again dismissed the action, but this time based on claim preclusion. It concluded that Men's Club was bringing the same claims from the Monkey Bars action, and that the voluntary dismissal constituted a final judgment. Additionally, it concluded that there was privity between Men's Club and Canepa. Men's Club now appeals from the dismissal.

Men's Club claims there is no privity between it and the parties to the Monkey Bars action because it did not possess the relocation claim until after the prior suit had already commenced. Thus, there was no commonality of interest between the parties and Men's Club's interests could not be adequately represented in the prior case. Additionally, it argues that claim preclusion cannot apply to distinct entities.

A district court's conclusions of law, including whether claim or issue preclusion applies, are reviewed de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Privity can "encompass a relationship in which 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" *Mendenhall v. Tassinari*, 133 Nev., Adv. Op. 78, 403 P.3d 364, 369 (2017) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation marks omitted)). This may include "a close corporation and its sole or controlling stockholder." *Sparks Nugget, Inc. v. Comm'r of Internal Revenue*, 458 F.2d 631, 639 (9th Cir. 1972) (internal quotation marks omitted). However, "privity does not lend itself to a neat definition, thus determining privity for preclusion purposes requires a close examination of the facts and circumstances of each case." *Mendenhall*, 133 Nev., Adv. Op. 78, 403 P.3d at 369.

In general, "a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself" because the largest consideration with preclusion is whether that party was afforded the opportunity for a day in court. Restatement (Second) of Judgments § 59 &

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cmt. e (Am. Law Inst. 1982). In this context, "it may be presumed that their interests coincide and that one opportunity to litigate issues that concern them in common should sufficiently protect both." *Id.* This is true because "[w]hen the controlling owner is the party to the litigation, his opportunity and incentive to litigate issues commonly affecting him and the corporation is ordinarily sufficient to treat his participation as being on behalf of the corporation as well." *Id.*

We conclude that there is privity between Men's Club and Canepa, and thus privity between the parties of this action and the Monkey Bars action. The relocation expense that is the basis for both actions arises from the 2004 settlement agreement with the City, wherein French Quarter, Canepa, and Monkey Bars were defined collectively as one party. Additionally, all three entities operated the same business in the same location.

Further, the ownership interests of the corporations involved also demonstrates that there is a sufficient commonality of interest between the parties. Men's Club has already had its "day in court," particularly given that each action was pursuing the same relocation claim. Canepa had the same interest in prevailing in the Monkey Bars action as Men's Club has in the current action. Canepa should have been able to adequately represent the interests of Men's Club in the Monkey Bars action. We conclude that the district court was correct in finding privity between the

parties and thus claim preclusion applies.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Barry L. Breslow, District Judge
      Molof & Vohl
      Reno City Attorney
      Washoe District Court Clerk

---

[1]In light of this order, we conclude that Men's Club's argument regarding nonmutual claim preclusion is moot.