133 Nev., Advance Opinion 95

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN W. NEVILLE, JR., ON BEHALF
OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ADRIANA ESCOBAR, DISTRICT
JUDGE,
Respondents,
and
TERRIBLE HERBST, INC.,
Real Party in Interest.

No. 70696

**FILED**

DEC 07 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order granting a motion to dismiss claims for unpaid wages.

*Petition granted.*

Thierman Buck, LLP, and Joshua D. Buck, Leah L. Jones, and Mark R. Thierman, Reno,
for Petitioner.

Littler Mendelson, P.C., and Rick D. Roskelley, Kathryn B. Blakey, Roger L. Grandgenett II, and Montgomery Y. Paek, Las Vegas,
for Real Party in Interest.

Sutton Hague Law Corporation, P.C., and S. Brett Sutton and Jared Hague, Reno,
for Amicus Curiae Nevada Restaurant Association.

17-42101

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, DOUGLAS, J.:

NRS 608.140 allows for assessment of attorney fees in a private cause of action for recovery of unpaid wages. In this opinion, we clarify that NRS 608.140 explicitly recognizes a private cause of action for unpaid wages. Accordingly, we conclude that NRS Chapter 608 provides a private right of action for unpaid wages. Because petitioner's claims were for unpaid wages under NRS 608.016 (payment for each hour worked), NRS 608.018 (payment for overtime), and NRS 608.020 through NRS 608.050 (payment upon termination), we grant the petition for extraordinary relief.

*FACTS AND PROCEDURAL HISTORY*

Petitioner John Neville, Jr., was employed as a cashier at a Las Vegas convenience store owned by real party in interest Terrible Herbst, Inc. Terrible Herbst enforces a time-rounding policy whereby it rounds the time recorded and worked by all hourly employees to the nearest 15 minutes for purposes of calculating payment of wages owed to employees. Because of the time-rounding policy, Neville allegedly did not receive wages for work actually performed during the time clocked in before and after his regularly scheduled shift.

In November 2015, Neville filed a class-action complaint against Terrible Herbst alleging (1) failure to pay wages in violation of the Nevada Constitution's Minimum Wage Amendment, Nev. Const. art. 15, § 16; (2) failure to compensate for all hours worked in violation of NRS 608.016; (3) failure to pay overtime in violation of NRS 608.018; (4) failure to timely pay all wages due and owing in violation of NRS 608.020 through

NRS 608.050; and (5) breach of contract. All of Neville's NRS Chapter 608 claims also referred to NRS 608.140.

Terrible Herbst moved to dismiss Neville's complaint in its entirety for failure to state a claim, pursuant to NRCP 12(b)(5). According to Terrible Herbst, Neville had not asserted a viable claim under the Nevada Constitution's Minimum Wage Amendment. Further, Terrible Herbst asserted that there is no private right of action to enforce NRS Chapter 608 because the Legislature gave exclusive enforcement authority to the Nevada Labor Commissioner.

Ultimately, the district court granted the motion to dismiss in part, dismissing Neville's NRS Chapter 608 claims on the basis that no private right of action exists. The district court also dismissed Neville's claim pursuant to the Nevada Constitution's Minimum Wage Amendment, concluding that there is no private right of action under the Nevada Constitution for minimum wage claims. The only cause of action that the district court did not dismiss was Neville's breach of contract claim. This writ petition followed.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Where there is no plain, speedy, and adequate remedy in the ordinary course of law, extraordinary relief may be available. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Whether a writ of mandamus will be considered is within this court's sole discretion. *Id.*

In this case, the district court's dismissal of Neville's claim under the Nevada Constitution's Minimum Wage Amendment indisputedly was an arbitrary and capricious exercise of discretion. The constitution expressly provides for a private cause of action to enforce the provisions of the Minimum Wage Amendment. Nev. Const. art. 15, § 16 ("An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section . . . ."). Moreover, Neville raises a matter of first impression with statewide importance—whether a plaintiff has a private right of action to recoup unpaid wages under NRS Chapter 608. Finally, given that the majority of Neville's class-action claims were dismissed early in the proceedings, we conclude that Neville lacks a plain, speedy, and adequate legal remedy in pursuing his dismissed claims. Accordingly, we elect to exercise our discretion to entertain the merits of this writ petition.

In considering this petition, this court reviews determinations of law de novo. *Helfstein v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 91, 362 P.3d 91, 94 (2015). When a court considers a motion to dismiss under NRCP 12(b)(5), all alleged facts in the complaint are presumed true and all inferences are drawn in favor of the complaint. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Thus, dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672.

Neville argues that the district court erred in dismissing his NRS Chapter 608 claims (payment for hours worked, overtime, and payment upon termination) on the basis that there is no private right of action to enforce those claims under that chapter. In particular, Neville

contends that the relevant statutes, as well as precedent from this court, expressly allow employees to seek unpaid wages in court. Terrible Herbst maintains that there is no private right of action under NRS Chapter 608 to support Neville's claims.[1]

NRS 608.016 states, "Except as otherwise provided in NRS 608.0195, an employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period." Further, NRS 608.018 addresses wages for overtime, providing in pertinent part as follows:

> 1. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:
>
> (a) More than 40 hours in any scheduled week of work; or
>
> (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.
>
> 2. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250

---

[1]The Nevada Restaurant Association was allowed to file an amicus brief, and it concurred with Terrible Herbst.

Terrible Herbst also argues that because Neville failed to meet NRS 608.140's requirement for making a written demand prior to filing suit, he has no cause of action. We reject Terrible Herbst's argument according to the plain language of NRS 608.140, which requires a written demand to obtain attorney fees but not to file suit for unpaid wages.

works more than 40 hours in any scheduled week of work.

Pursuant to NRS 608.020, "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately." According to NRS 608.030, "[w]henever an employee resigns or quits his or her employment, the wages and compensation earned and unpaid at the time of the employee's resignation or quitting must be paid no later than" one of two dates, whichever is earlier: "[t]he day on which the employee would have regularly been paid the wages or compensation" or "[s]even days after the employee resigns or quits." If the employer fails to pay, certain penalties apply. *See* NRS 608.040(1); NRS 608.050.

On their face, NRS 608.016, NRS 608.018, and NRS 608.020 through NRS 608.050 are silent as to whether a private right of action exists to enforce their terms. Further, NRS 608.180 expressly states that "[t]he Labor Commissioner or [his representative] shall cause the provisions of NRS 608.005 to 608.195, inclusive, to be enforced." Thus, there is no direct statutory provision for a private right of action under NRS 608.016, NRS 608.018, and NRS 608.020 through NRS 608.050; instead, such enforcement appears to rest with the Labor Commissioner rather than the courts. *See Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 954, 194 P.3d 96, 98 ("[T]he Nevada Labor Commissioner, who is entrusted with the responsibility of enforcing Nevada's labor laws, generally must administratively hear and decide complaints that arise under those laws.").

However, when no clear statutory language authorizes a private right of action, one may be implied if the Legislature so intended. *Id.* at 958, 194 P.3d at 100-01. In ascertaining the Legislature's intent, this court is guided by the following three factors: "(1) whether the plaintiffs are

of the class for whose [ ]special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme." *Id.* at 958-59, 194 P.3d at 101 (internal quotation marks omitted). This court has stated, "[t]he three factors are not necessarily entitled to equal weight; the determinative factor is always whether the Legislature intended to create a private judicial remedy." *Id.* at 959, 194 P.3d at 101. Without legislative intent to create a private judicial remedy, "'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'" *Id.* (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)).

Here, NRS 608.140 demonstrates the Legislature's intent to create a private cause of action for unpaid wages. In particular, NRS 608.140 allows for assessment of attorney fees in a private cause of action for recovery of unpaid wages:

> Whenever a mechanic, artisan, miner, laborer, servant or *employee shall have cause to bring suit for wages earned and due* according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.

(Emphasis added.)

Indeed, as part of resolving a different issue, this court has previously recognized that the language of NRS 608.140 can be read to

provide for a civil enforcement action to recoup unpaid wages. *See Baldonado*, 124 Nev. at 964 n.33, 194 P.3d at 104 n.33. In *Baldonado*, this court analyzed whether a private cause of action existed under NRS 608.160, which makes it unlawful for an employer to take employee tips or gratuities. *Id.* at 958-61, 194 P.3d at 100-03. In resolving that issue, and although it was not our central holding in that case, this court also addressed NRS 608.140. In a footnote, we contrasted NRS 608.160 with NRS 608.140 and stated that NRS 608.140 "expressly recognize[s] a civil enforcement action to recoup unpaid wages." *Id.* at 964 n.33, 194 P.3d at 104 n.33. In that footnote, this court went on to note that "a private cause of action to recover unpaid wages is entirely consistent with the express authority under NRS 608.140 to bring private actions for wages unpaid and due." *Id.*[2] Additionally, this court stated, "[t]he Labor Commissioner's NRS

---

[2]While there is a conflict in federal caselaw regarding the proper way to interpret footnote 33 in *Baldonado*, these cases are only illustrative and not controlling authority upon this court. *See Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-cv-01820-JAD-NJK, 2014 WL 3748641, at *1 (D. Nev. July 30, 2014) ("I find that NRS 608.140 does not create a vehicle for privately enforcing the legal rights conferred by NRS 608.016 and 608.018, it merely establishes a fee-shifting mechanism in an employee's suit for wages earned and due according to the terms of his or her employment." (internal quotation marks omitted)); *Descutner v. Newmont USA Ltd.*, No. 3:12-CV-00371-RCJ-VPC, 2012 WL 5387703, at *3 (D. Nev. Nov. 1, 2012) ("Plaintiff relies on footnote 33 . . . . But the *Baldanado* Court did not directly address the question of whether [NRS] 608.140 authorized a private suit or, more importantly, what kinds of suits it implied. Rather, it made the comment in footnote 33 to contrast those sections of the labor code under which there was no language possibly implying any kind of private right of action at all."); *but see Buenaventura v. Champion Drywall, Inc.*, 803 F. Supp. 2d 1215, 1218 (D. Nev. 2011) (ruling that "employees can maintain a private cause of action for unpaid wages pursuant to [NRS] 608.140, [therefore] employees covered by [NRS] 608.018 can bring a private cause of action for

Chapter 607 authority to pursue wage and commission claims on behalf of those people who cannot afford counsel is also consistent with [the conclusion that there is authority under NRS 608.140 to bring private actions for wages unpaid and due]." *Id.*; *see* NRS 607.160(7) ("If, after due inquiry, the Labor Commissioner believes that a person who is financially unable to employ counsel has a valid and enforceable claim for wages, commissions or other demands, the Labor Commissioner may present the facts to the Attorney General."); NRS 607.170(1) ("The Labor Commissioner may prosecute a claim for wages and commissions or commence any other action to collect wages, commissions and other demands of any person who is financially unable to employ counsel . . . .").

Because NRS 608.016, NRS 608.018, and NRS 608.020 through NRS 608.050 do not expressly state whether an employee could privately enforce their terms, Neville may only pursue his claims under the statutes if a private cause of action for unpaid wages is implied. The determinative factor is always whether the Legislature intended to create a private judicial remedy. We conclude that the Legislature intended to create a private cause of action for unpaid wages pursuant to NRS 608.140. It would be absurd to think that the Legislature intended a private cause of action to obtain attorney fees for an unpaid wages suit but no private cause of action to bring the suit itself. *See Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 336, 302 P.3d 1108, 1114 (2013) ("In order to give effect to the Legislature's intent, [this court] ha[s] a duty to consider the statute[s] within the broader statutory scheme harmoniously with one another in accordance with the general purpose of those statutes." (internal quotation

the unpaid overtime wages owed pursuant to [NRS] 608.018," and employees may also bring a private cause of action to enforce NRS 608.040).

marks omitted)). The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608.

Neville's NRS Chapter 608 claims involve allegations that wages were unpaid and due to him at the time he brought his suit before the district court. Moreover, in his complaint, Neville tied his NRS Chapter 608 claims with NRS 608.140. Thus, we conclude that Neville has and properly stated a private cause of action for unpaid wages. As a result, granting Terrible Herbst's motion to dismiss pursuant to NRCP 12(b)(5) was improper. Accordingly, we grant Neville's petition for extraordinary writ relief and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order dismissing Neville's claims.

_____ , J.
Douglas

We concur:

_____ , C.J.
Cherry

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Gibbons

_____ , J.
Hardesty

_____ , J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A