**134 Nev., Advance Opinion 62**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRENT A. COLES,<br>Appellant,<br>vs.<br>CONNIE S. BISBEE, CHAIRMAN; THE<br>NEVADA BOARD OF PAROLE<br>COMMISSIONERS; THE NEVADA<br>DEPARTMENT OF CORRECTIONS;<br>AND THE STATE OF NEVADA,<br>Respondents. | No. 74707<br><br>FILED<br><br>AUG 02 2018<br> |

Pro se appeal from a district court order dismissing a petition for declaratory relief. First Judicial District Court, Carson City; James E. Wilson, Judge.

*Affirmed.*

Brent A. Coles
in Pro Se.

Adam Paul Laxalt, Attorney General, and Kathleen Brady, Deputy Attorney General, Carson City,
for Respondents.

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

PER CURIAM:

In this appeal, we address whether the Parole Board's use of the Static-99R recidivism risk assessment complies with the relevant statutory provisions governing parole review for prisoners convicted of sexual offenses, as well as whether changes to the statutory scheme

regarding parole review violate the Ex Post Facto Clause of the United States Constitution. We conclude that the use of the Static-99R assessment comports with NRS 213.1214's assessment requirements and that changes to parole procedures do not constitute an ex post facto violation unless they create a significant risk of prolonging the inmate's incarceration, which is not the case here. Further, we reject appellant's argument that the use of the Static-99R assessment violates an inmate's due process rights and reaffirm that Nevada's parole statute does not create a liberty interest to sustain a due process claim.

## FACTS AND PROCEDURAL HISTORY

Appellant Brent A. Coles is currently incarcerated for a sexual offense and eligible for parole. As part of his parole review, Coles' recidivism risk was assessed with the Static-99R risk assessment. The assessment scores ten characteristics of an inmate's personal history and are "static" in that they are based on objective facts about the inmate and the offense and do not change, except as to the inmate's age at release. The assessment classified Coles as a high risk to recidivate, and the Parole Board denied parole.

Coles filed a petition for declaratory judgment, arguing that (1) the Static-99R assessment does not constitute a "currently accepted standard of assessment" for purposes of NRS 213.1214(1); (2) assessing the risk of recidivism is relevant only where an inmate is to be paroled into the community, not here where Coles would be paroled to serve a consecutive sentence, and the assessment should accordingly not be considered in this instance; (3) he has a due process right to be provided with a copy of the risk assessment; (4) changes to the parole statutes enacted after Coles was initially convicted violate the constitutional prohibition against ex post

 

facto punishments; and (5) he should receive a new risk assessment that includes "dynamic" as well as "static" factors. The State moved to dismiss under NRCP 12(b)(5) for failure to state a claim on which relief could be granted, and the district court granted the State's motion. Coles appealed to this court, renewing his arguments that the Static-99R does not comply with NRS 213.1214(1) and that the parole review procedures subjected him to an unconstitutional ex post facto law and violated his due process rights.

## DISCUSSION

This court will not review challenges to the evidence supporting Parole Board decisions, but will consider whether the Board has properly complied with the applicable statutes and regulations. *See Anselmo v. Bisbee*, 133 Nev., Adv. Op. 45, 396 P.3d 848, 851, 853 (2017). As Coles' claims do not support a declaratory judgment, we affirm. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo an order granting a motion to dismiss under NRCP 12(b)(5)); *Kress v. Corey*, 65 Nev. 1, 26, 189 P.2d 352, 364 (1948) (providing that, to obtain declaratory relief, a plaintiff must show (1) a justiciable controversy, (2) between persons with adverse interests, (3) where the party seeking declaratory relief has a legal interest in the controversy, and (4) the issue is ripe for judicial determination).

Coles first argues that the Static-99R assessment was not formally adopted as or determined to be a "currently accepted standard of assessment" for use in his parole hearing. This argument goes beyond what the statute requires and does not provide a basis for reversal. NRS 213.1214(1) requires the Department of Corrections to "assess each prisoner who has been convicted of a sexual offense to determine the prisoner's risk to reoffend in a sexual manner using a currently accepted standard of

assessment." The assessment must determine the risk that a prisoner would reoffend in a sexual manner and be provided to the Parole Board before the prisoner's hearing. *Id.* The legislative history shows that the Static-99R assessment was considered as an accepted standard of assessment in enacting a parole statute that more accurately assessed recidivism risk. Hearing on S.B. 104 Before the Assembly Judiciary Comm., 77th Leg. (Nev., April 29, 2013); Hearing on S.B. 104 Before the Senate Judiciary Comm., 77th Leg. (Nev., April 10, 2013). The statute does not require that any entity must designate a currently accepted standard of assessment or that it be otherwise certified for the use of the Static-99R to comply with NRS 213.1214. To the extent that Coles argues that his risk assessment should have been processed differently because the convictions for his sex crimes had expired, he is mistaken because the assessment is considered if an inmate "has ever been convicted of a sexual offense." NAC 213.514(3). We decline to consider Coles' further arguments against the wisdom of applying this particular assessment tool. *See* NRS 213.1214(3) (providing that no cause of action regarding parole assessments may be raised if the actions comply with the statutory provisions). The district court therefore did not err in denying this claim. *See Williams v. Nev. Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017) (reviewing issues of statutory interpretation de novo).

Coles next argues that changes to the parole statute enacted after his conviction rendered parole more difficult to obtain and thus constituted impermissible ex post facto punishment. This argument likewise does not provide a basis for reversal because Coles has not shown that the changes created a risk of prolonged imprisonment. An ex post facto law is one that retroactively changes the definition of a crime or increases

the applicable punishment. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). Retroactive changes in laws regarding parole procedures may violate the Ex Post Facto Clause when they create a significant risk of prolonging the inmate's incarceration. *Garner v. Jones*, 529 U.S. 244, 250-51 (2000). To the extent that Coles challenges the application of NRS 213.1214 to him as an ex post facto violation, this claim fails. *See Moor v. Palmer*, 603 F.3d 658, 664-66 (9th Cir. 2010) (rejecting ex post facto challenge to NRS 213.1214, adopted after the inmate's conviction, because the statute did not pose a significant risk of extended incarceration). To the extent that Coles challenges the elimination of the Psychological Review Panel after *Moor* was decided, the legislative history shows that the Panel was eliminated in part because it rated inmates as too high a risk to reoffend, Hearing on S.B. 104 Before the Senate Judiciary Comm., 77th Leg. (Nev., March 5, 2013), and thus the risk posed by the Panel's elimination favored inmates. And even assuming the accuracy of Coles' representation that he was classified as a lower risk to recidivate under a prior metric, by his own admission that classification occurred before he violated his parole and received another felony conviction, such that he has failed to show that any change in regulation brought about his purported change in risk classification. *See Moor*, 603 F.3d at 665 (observing that the risk of prolonging incarceration was less likely where the inmate had previously violated his parole). The district court therefore did not err in denying this claim. *See Flemming v. Or. Bd. of Parole*, 998 F.2d 721, 723 (9th Cir. 1993) (reviewing ex post facto claims de novo).

Lastly, Coles argues that the use of the Static-99R violates his due process rights because he has not been permitted to review the results for errors and contest them. Nevada's parole statute does not create a

liberty interest to sustain a due process claim. *Anselmo*, 133 Nev., Adv. Op. 45, 396 P.3d at 850-51. Moreover, NRS 213.1075 specifically provides that the information gathered by the Board in executing its duties is privileged and may not be disclosed except in limited circumstances that Coles has not presented. Insofar as Coles asserts a right to challenge the assessment, the Legislature has foreclosed such a right. NRS 213.1214(3); *see also* NRS 213.10705 (declaring that release on parole "is an act of grace of the State"). The district court therefore did not err in denying this claim.

Because Coles' contentions do not provide a basis for granting declaratory relief, the district court properly granted the State's motion to dismiss Coles' petition. We therefore affirm the district court's order.[1]

_____ *Pickering* , J.
Pickering

_____ J.
Gibbons

_____ , J.
Hardesty

_____

[1]To the extent that Coles' requests for relief on appeal could be construed as seeking injunctive relief, we reject the request.

SUPREME COURT
OF
NEVADA

(O) 1947A