# IN THE SUPREME COURT OF THE STATE OF NEVADA

BLAKE W. CLARK,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
BRIAN E. WILLIAMS, SR., WARDEN;
AND HIGH DESERT STATE PRISON,
Respondents.

No. 75625

FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Blake W. Clark's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.[1]

In his petition, Clark complained that statutory good time credits were not applied to his minimum sentence as required by NRS 209.4465. The district court denied the petition, finding that Clark had already been given a parole hearing and that no further relief could be provided. We agree with the district court.

NRS 209.4465(7)(b) permits inmates to receive credits against their minimum term of imprisonment in some circumstances. The sole purpose of this provision is to reduce the period of time certain inmates must serve before becoming eligible for parole. As Clark is already eligible for parole and has appeared before the parole board, the district court could

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-02795

not grant him any relief based on the alleged failure to properly apply statutory good-time credits against his minimum term of imprisonment. *See Williams v. Nev. Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1265 n.7 (2017). The district court therefore did not err in denying Clark's petition on this basis.[2]

Clark's remaining contentions lack merit. The credits issue does not make his guilty plea invalid. *See State v. Freese*, 116 Nev. 1097, 1105-06, 13 P.3d 442, 448 (2000) (discussing standard for reviewing adequacy of a guilty plea). And Clark does not show an ex post facto violation because he has not identified any law or regulation that is being applied retroactively to redefine the crime or increase the punishment. *See Coles v. Brisbee*, 134 Nev., Adv. Op. 62, 422 P.3d 718, 720 (2018) (discussing ex post facto violations).

Having considered Clark's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Linda Marie Bell, Chief Judge
Blake W. Clark
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk

---

[2]We express no opinion as to whether the district court correctly concluded that Clark committed his offenses before the effective date of NRS 209.4465(8)(b), which would have made him ineligible to have good-time credits applied to his minimum term of imprisonment.

SUPREME COURT
OF
NEVADA

(O) 1947A