# IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY BAILEY, SR.,
Appellant,
vs.
CONNIE S. BISBEE, CHAIRMAN; ED
GRAY; LUCILLE MONTERDE;
MICHAEL KEELER; TONY CORDA,
COMMISSIONERS; AND THE STATE
OF NEVADA BOARD OF PAROLE,
Respondents.

No. 76632

FILED

MAR 02 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for a writ of mandamus seeking a new parole hearing. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Larry Bailey, Sr. was sentenced to life in prison with the possibility of parole. After the Parole Board denied him parole for the fifth time, Bailey submitted a letter to the Board requesting reconsideration. The Board denied Bailey's request. Thereafter, Bailey filed a petition for writ of mandamus with the district court, which the district court denied. Bailey now appeals arguing that: (1) the Parole Board failed to comply with applicable statutes and regulations when it erroneously evaluated him as an active gang member despite not having evidence that he was a gang member; and (2) the Parole Board's use of the Risk Assessment Guidelines and corresponding list of aggravating and mitigating factors denied him meaningful consideration for parole.

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious

20-08324

exercise of discretion." NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "A district court's decision to grant or deny a writ petition is reviewed by this court under an abuse of discretion standard." *DR Partners v. Bd. of Cty. Comm'rs of Clark Cty.*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000).

This court will not review an inmate's challenge to the evidence supporting the Board's parole decision. *Coles v. Bisbee*, 134 Nev. 508, 510, 422 P.3d 718, 720 (2018) (explaining that the information gathered by the Board in executing its duties is privileged and may not be disclosed except in limited circumstances, and an inmate does not have the right to challenge the board's assessment of the inmate's risk level). We will only consider whether the Board has properly conformed to the applicable statutes and regulations. *Id.* As Bailey's challenge is predicated on the Board not having any evidence of his gang membership, this is a challenge that is not appropriate for this court to consider.[1]

In regards to Bailey's argument that the Board's Risk Assessment Guidelines and corresponding aggravating and mitigating factors are not "meaningful," this is a policy matter and thus a question for the legislature to decide. *Renown Health v. Vanderford*, 126 Nev. 221, 225, 235 P.3d 614, 616 (2010) (concluding that if an issue involves policy

---

[1]We note that at oral argument, the State admitted that the record is devoid of any relevant gang affiliation in this case. However, under these facts, the mistake would not have changed the outcome regarding the denial of parole.

questions that are better left to the Legislature, this court may refuse to consider that issue). Accordingly, we

ORDER the judgment of the district court AFFIRMED[2]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Timothy C. Williams, District Judge
Bailey Kennedy
Attorney General/Las Vegas
Eighth District Court Clerk

---

[2]We note that Bailey is eligible for parole and has a new parole hearing scheduled for March of 2020. At that time, Bailey can dispute whether he is an active gang member as it impacts his recidivism risk score.

SUPREME COURT OF NEVADA

(O) 1947A