# IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER GARDNER; AND CHRISTIAN GARDNER, INDIVIDUALLY AND ON BEHALF OF MINOR CHILD, LELAND GARDNER,
Appellants,
vs.
R&O CONSTRUCTION COMPANY, A UTAH CORPORATION,
Respondent.

No. 77261

FILED

JUN 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is appeal from a district court order granting a motion to dismiss. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

This dispute centers on whether a party may bring a claim to reverse pierce the corporate veil before an uncollectable judgment is entered. The district court held that it could not; we disagree, and therefore reverse the district court's order granting dismissal.

L.G., a minor child, sustained brain damage after he nearly drowned in a wave pool at Cowabunga Bay Water Park in Henderson, Nevada. His parents, Peter and Christian Gardner, individually and on his behalf (the Gardners), brought negligence claims against Henderson Water Park, LLC, which does business as Cowabunga Bay Water Park (the Water Park); its two managing members, West Coast Water Parks, LLC and Double Ott Water Holdings, LLC (the member-LLCs) under an alter ego theory; and the seven members of the water park's management team, including Orluff Opheikens, both individually and under an alter ego theory. Then, the Gardners amended their complaint naming R & O

19-27442

Construction, Inc. (R&O) under a reverse corporate veil piercing theory, alleging that R&O was an alter ego to Opheikens. The district court granted R&O's motion to dismiss holding that: (1) reverse corporate veil piercing claims cannot be brought prior to final judgment; and (2) the reverse veil piercing claim would confuse the jury. The Gardners appeal.

*Standard of Review*

An order granting an NRCP 12(b)(5) motion to dismiss is reviewed de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). A decision to dismiss a complaint under NRCP 12(b)(5) is rigorously reviewed on appeal with all alleged facts in the complaint presumed to be true and all inferences drawn in favor of the complainant. *Id.* Dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672. All legal conclusions are reviewed de novo. *Id.*

*A reverse piercing claim may be pleaded before final judgment is entered*

Nevada law allows for a reverse piercing of the corporate veil in addition to the traditional piercing of the corporate veil. *LFC Mktg. Grp., Inc. v. Loomis*, 116 Nev. 896, 904, 8 P.3d 841, 846 (2000). To determine whether justice merits a reverse piercing, courts look to the same test used for a traditional piercing. *Id.* at 904, 8 P.3d at 846-47. This test consists of three factors: (1) "[t]he corporation is influenced and governed by the stockholder, director or officer"; (2) "[t]here is such a unity of interest and ownership that the corporation and the stockholder, director or officer are inseparable from each other"; and (3) "[a]dherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice." NRS 78.747(2) (codifying the common law piercing test). The district court

 

must determine whether a "stockholder, director or officer acts as an alter ego . . . as a matter of law." *Id.*[1]

This test does not have any requirement that a reverse piercing claim can only be brought post-judgment. Additionally, this court has allowed parties to plead traditional veil piercing claims in the initial complaint, prior to the entry of judgment. *See, e.g, Gardner v. Eighth Judicial Dist. Ct.*, 133 Nev. 730, 730-31, 405 P.3d 651, 652-53 (2017). Thus, like other jurisdictions, we hold that it is permissible to plead a reverse veil piercing claim prior to the entry of judgment, in the same manner as traditional corporate veil piercing claims. *See, e.g., In re Howland*, 516 B.R. 163, 169 n.3 (Bankr. E.D. Ky. 2014) ("A movant may seek to pierce [or reverse pierce] the veil as part of the initial complaint or after a judgment has been obtained and the movant discovers that the corporate shield may be vulnerable."), aff'd, 579 B.R. 411 (E.D. Ky. 2016), aff'd, 674 F. App'x 482 (6th Cir. 2017); *Mallard Auto. Grp., Ltd. v. LeClair Mgmt. Corp.*, 153 F. Supp. 2d 1211, 1213-14 (D. Nev. 2001) (applying Nevada reverse piercing jurisprudence and allowing a claim of reverse piercing to survive a motion for summary judgment); *Wilson v. Davis*, 305 S.W.3d 57, 68-72 (Tex. App. 2009) (illustrating that a reverse piercing claim may be pleaded before judgment was entered).

While R&O argues that allowing a pre-judgment reverse piercing claim would violate the manifest injustice element of the test, we

---

[1]While R&O argues that this court's jurisprudence concerning piercing the corporate veil was abrogated by NRS 78.747, we have previously recognized that NRS 78.747 codified our jurisprudence. *See Gardner*, 133 Nev. at 731, 405 P.3d at 656 ("The alter ego doctrine is a judicially created doctrine that the Nevada Legislature codified for corporations in 2001 [in NRS 78.747].").

SUPREME COURT
OF
NEVADA

(O) 1947A

find this argument unpersuasive as the Gardners have alleged facts that may entitle them to relief. The Gardners allege in their complaint that Opheikens utilized R&O to loan money to the water park, took over management of the water park so that R&O could repay its debts, and comingled his funds with R&O's so that R&O could recoup its losses in constructing the water park. Thus, the Gardners allege that not piercing the corporate veil will allow R&O to avoid liability when it was acting through its alter ego, Opheikens. Taking each of these facts as true, it is apparent that there could be a manifest injustice if the corporate veil is not pierced.

*A lack of stock ownership in R&O does not automatically bar a reverse veil piercing claim*

As an alternative argument, R&O contends that Opheikens does not have a unity of interest and ownership with R&O because he does not own stock in the company. Rather, Opheikens' family trust owns stock in the company. This argument is unsupported by caselaw.

As we held in *Loomis*, while stock ownership is "a strong factor favoring unity of ownership and interest, the absence of corporate ownership is not automatically a controlling event." *Loomis*, 116 Nev. at 905, 8 P.3d at 847. The reason that stock ownership is not automatically controlling is because it is easy for a corporation to be formed and for stock to be "issued in names other than the controlling individual." *Id.* Thus, while this can be a factor a court considers in deciding whether it is appropriate to pierce the corporate veil, it is not a dispositive one. Since, R&O's entire argument is predicated on the fact that Opheikens does not personally own stock in R&O, we hold that this argument is without merit.

*The district court erred by dismissing the Gardners' alter ego claim due to jury confusion*

NRS 48.035(1) allows for relevant *evidence* to be excluded if it misleads the jury or leads to confusion of the issues. However, we note that this rule may not be utilized to dismiss a claim outright. In fact, as mentioned above, a claim may be dismissed under NRCP 12(b)(5) "only if it appears beyond a doubt that it could prove no set of facts, which, if true, would entitle it to relief." *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672. If jury confusion is a concern in the district court, then the district court may use other procedural methods to mitigate such a confusion. *See Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (holding that trial bifurcation can be used to mitigate jury confusion). Thus, the district court erred by dismissing the reverse veil piercing claim under the theory of jury confusion. Accordingly, we hold that the district court erred in dismissing the Gardners' reverse veil piercing claim against R&O, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Jerry A. Wiese, District Judge
Campbell & Williams
Godfrey Johnson
Olson, Cannon, Gormley, Angulo & Stoberski
Eighth District Court Clerk