IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
Appellant,
vs.
RED ROCK FINANCIAL SERVICES,
LLC,
Respondent.

No. 80112

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss, certified as final under NRCP 54(b), in a tort action. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). With regard to appellant's negligence claims, we agree with the district court that those claims are barred by the economic-loss doctrine. *See Terracon Consultants W. Inc., v. Mandalay Resort Grp.*, 125 Nev. 66, 73, 206 P.3d 81, 86 (2009) ("[T]he [economic-loss] doctrine bars unintentional tort actions when the plaintiff seeks to recover purely economic losses." (internal quotation marks omitted)). We further agree with the district court's reasoning that applying an exception to the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-13949

doctrine would be inappropriate here. Doing so would expose respondent and similarly situated entities to "unlimited liability for all of the economic consequences of a negligent act," *id.* at 74, 206 P.3d at 86, which is what the economic-loss doctrine is intended to protect against, *see id.* at 75, 206 P.3d at 87 ("[I]t has been reasoned that such useful commercial activity could be deterred if those involved in it were subject to tort liability."). Accordingly, we affirm the district court's dismissal of appellant's negligence claims.

We also agree with the district court that appellant's complaint failed to sufficiently allege a claim for detrimental reliance/promissory estoppel. *See Vancheri v. GNLV Corp.*, 105 Nev. 417, 421, 777 P.2d 366, 369 (1989) ("The doctrine of promissory estoppel . . . embraces the concept of detrimental reliance . . . ."). In particular, we agree with the district court that appellant's complaint failed to allege that respondent was "apprised of the true facts," i.e., that respondent was aware that Bank of America should have been mailed the foreclosure notices, which is an essential element of a promissory estoppel claim. *Pink v. Busch*, 100 Nev. 684, 689, 691 P.2d 456, 459 (1984) ("To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped."). Although appellant contends that it should have been granted leave to amend its complaint, appellant did not provide a proposed amended complaint as required by EDCR 2.30(a), nor did appellant ask the district court for leave to amend at the September 18, 2019, hearing. In light of these shortcomings, we cannot conclude that the district court abused its

discretion in dismissing appellant's complaint without affording appellant leave to file an amended complaint. *See Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005) (recognizing that district courts have discretion regarding whether to grant leave to file an amended complaint). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Eric Johnson, District Judge
Patrick N. Chapin, Settlement Judge
Morris Law Center
Koch & Scow, LLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A