# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKY NOLAN,
Appellant,
vs.
MICHAEL P. GIBBONS; JEROME T.
TAO; BONNIE A. BULLA; AND THE
STATE OF NEVADA,
Respondents.

No. 81901

**FILED**

JUN 1 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order dismissing a civil rights action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Appellant Ricky Nolan instituted the underlying 42 U.S.C. § 1983 action against respondents, the three sitting judges of the Nevada Court of Appeals, after they affirmed a district court order denying Nolan's postconviction petitions. *See Nolan v. State*, Docket No. 76572-COA (Order of Affirmance, Aug. 27, 2019). The district court found that respondents were entitled to absolute judicial immunity and dismissed Nolan's complaint with prejudice.

Reviewing de novo, *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008), we affirm. As the district court correctly observed, a judge is entitled to absolute immunity for all judicial actions over which the judge has jurisdiction. *See State v. Second Judicial Dist. Court (Ducharm)*, 118 Nev. 609, 615, 55 P.3d 420, 424 (2002)

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

21-16901

(recognizing that judges are afforded absolute immunity in connection with their judicial functions); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (explaining that judicial immunity does not apply to nonjudicial actions or actions "taken in the complete absence of all jurisdiction"). Here, respondents are entitled to absolute judicial immunity because the challenged action—ruling on Nolan's appeal—was a judicial action over which they had jurisdiction.[2] *See Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (listing factors for determining whether an action is judicial for purposes of judicial immunity). Because respondents are entitled to absolute judicial immunity, Nolan's complaint "fail[ed] to state a claim upon which relief [could] be granted," NRCP 12(b)(5), and the district court did not err in dismissing Nolan's complaint. *See Ducharm*, 118 Nev. at 615, 55 P.3d at 423 (explaining that absolute judicial immunity provides immunity from both "the imposition of civil damages [and] the burdens of litigation"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

---

[2]We reject Nolan's argument that respondents lacked jurisdiction, as the record reveals that the district court entered an order denying Nolan's petitions for genetic marker analysis before the Court of Appeals issued its ruling.

cc: Chief Judge, Eighth Judicial District Court
Department 24, Eighth Judicial District Court
Ricky Nolan
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A